## No. 8704.
## Orleans Appeal.

## ROZELL McWILLIAMS v. H. STACKHOUSE.

(December 1, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Brokers, Par. 19.**

Where a written offer and acceptance for a sale of real estate contains a conditional obligation on the part of the offerer in favor of the broker who negotiates the sale, to protect the broker against any loss resulting from the failure of the offerer to purchase the property, damages for loss of commission may be recovered by the broker, when the obligation to purchase is repudiated without lawful cause.

(Civil Code, Art. 1930. Editor's note.)

Appeal from Civil District Court for the Parish of Orleans, Div. "C", Hon. E. K. Skinner, Judge.

This is a suit for damages ex contractu.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

F. Rivers Richardson, attorney for plaintiff and appellant.

W. B. Hamlin, attorney for defendant and appellee.

BELL, J. Plaintiff claims damages ex contractu from defendant under an agreement forming part of a certain written offer, made by defendant, for the purchase of real estate from a third party. The perti-

nent clause in the agreement reads as follows:

"In case I fail to comply with above offer, if accepted, I agree to pay all the loss and damage the said R. McWilliams may sustain by my failure to comply with my agreement and also attorney's fees which the said R. McWilliams may incur in suit to recover said loss and damage."

The facts in this case conclusively establish that defendant did refuse to comply with the offer of purchase without just or legal cause, and after being put in default. It follows, therefore, however reluctant the Court may be to allow damages in a case of this sort, that the contract must be enforced, same not being on its face contra bonos mores, and not appearing to have been entered into under any error of law or fact.

Upon proof of damages plaintiff must recover. We conclude from the evidence that the plaintiff is bound to have lost the particular commission or fee which he would have realized had the proposed sale been consummated. That it was not consummated is solely due to defendant's subsequent refusal to purchase.

There is evidence in the record, which under issues established by the pleadings, was erroneously admitted, though properly objected to by plaintiff's counsel. This evidence is to the effect that a subsequent sale of the same property was made to a party other than defendant; that this second sale occurred eight months after the agreement now before us, and that plaintiff was the real estate agent in both instances. Defendant's liability to plaintiff can in no manner be affected by this latter transaction, in which plaintiff appears to have received a commission of three per cent. on $3,250.00, the price for which the property was finally sold. It is argued for defendant, though not pleaded as a defense, that no loss of commission was, therefore, incurred.

The measure of damages claimed in the petition are $150.00 as commissions for the sale and $25.00 as attorney's fees for instituting this suit. While the written document filed in evidence goes to show defendant's offer to purchase and also shows the owner's acceptance of that offer, and while the whole transaction appears to have been executed on October 21, 1919, the testimony of plaintiff's agent who handled the transaction, clearly establishes that defendant could not have known at the time of the offer that any such unusual commission as $150.00 was to be paid plaintiff. This agent testifies that she secured defendant's signature to the document on the above date and brought the signed offer to purchase to plaintiff's office, and that he in turn subsequently secured the owner's signed acceptance thereto. Plaintiff's letter of October 22, 1919, advising defendant that his offer had been accepted is additional proof that defendant could not have known, when offering to purchase, that he would have to assume any such unusual commission in the event of his repudiating the contract. We think, therefore, that he should not be made to pay any more than the customary commission of 3 per cent, or what amounts in this case to the sum of $94.50. There is no evidence whatever in the record showing any agreement between defendant or his attorney as to fees to be paid the latter for instituting this suit. Non constat, that the employment, if made, was upon a contingent fee or one based on commission. Absence of proof on this item of damages causes us to conclude that no such damages have been incurred, and none should be allowed.

It is, therefore, ordered that the judgment appealed from be reversed and set aside, and that there now be judgment in favor of Rozell McWilliams, plaintiff, and against Horace Stackhouse, defendant, in the sum of Ninety-four and 50/100 Dollars ($94.50), with legal interest thereon from November 1, 1919, until paid, and for costs in both courts.