**SALVADORE PALMISANO v. E. J. STEWART, INC., Appellant**

(November 2, 1925, Opinion and Decree)

*(Syllabus by the Court.)*

1. Louisiana Digest—Brokers—Par. 19, 23.

Where a real estate agent procures a customer, who agrees to buy certain property upon terms fixed, or agreed upon, by the vendor, the agent is entitled to his commission unless it is shown that the customer refuses to consummate the sale. The burden of proving the customer's default rests upon the proposed vendor.

Appeal from First City Court, Division "C". Hon. Wm. V. Seeber, Judge.

This is a suit by a real estate agent for a commission.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

John T. Convery, of New Orleans, attorney for plaintiff, appellee.

Frank P. Krieger, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.  This is a suit by a real estate agent for a commission. Defendant, E. J. Stewart, Inc., is in the business of constructing and selling residences or other buildings upon lots belonging to prospective purchasers and upon occasion defendant will buy the lot and erect such building as the purchaser desires.

Plaintiff, Palmisano, was employed by defendant to solicit buyers, and among other buyers Palmisano secured a Miss Lacoume, who entered into an agreement with defendant for the purchase of a "double residence and store building" to be erected at the corner of Oleander and Dante streets in this city.

The contract between defendant and Miss Lacoume was entered into May 1, 1924, and on May 6, 1924, defendant wrote plaintiff a letter in which it acknowledged an indebtedness to plaintiff in the sum of $200.00 as a commission on the Lacoume contract, together with $287.00 on another contract. Both commissions according to this letter, are "based on homestead payments, or payment of commissions are due and payable as we receive payments from the homesteads, or, if not financed through the homesteads, on the completion of the buildings".

Miss Lacoume did not take title to the property she contracted to buy, though she deposited $200.00 with Palmisano, who delivered it to defendant as "earnest money" (as counsel argues) or on account of the purchase price, which seems more likely from the terms of the contract.

The question we are called upon to determine is whose fault it was that the sale did not go through. If defendant was to blame, plaintiff must recover, and if Miss Lacoume, plaintiff's customer, was at fault, then plaintiff cannot recover, for in order for a broker to collect a commission on a sale there must be an actual sale or a willingness on the part of his customer to go on with the trade. McWilliams vs. Lyons, 5 Orl. App. 231; Loyacano vs. Suc. of Thompson, 4 Orl. App. 345; Gurley vs. Loeffor, 14th Orl. App. 424; Maloney vs. Aschaffenburg, 143 La. 509, 78 South. 761.

But we are unable to determine from the proof submitted whether Stewart, Inc., or Miss Lacoume is the cause of the transaction falling through. Plaintiff alleges, and has offered without objection, some hearsay evidence to the effect that the reason Miss Lacoume did not take the property was because it was not finished in ninety days as agreed upon in her contract with defendant. Defendant, though no special defense is pleaded, has introduced the same kind of evidence, also without objection, for the purpose of proving that Miss Lacoume refused the property because another store had been erected or opened in the same neighborhood and that she feared the competition. But Miss Lacoume, who might have given us some light on the subject, did not testify, nor does it appear that either side made any effort to obtain her evidence.

It was defendant's duty to prove that Miss Lacoume was to blame and not plaintiff's obligation to prove the contrary. When plaintiff brought a customer to defendant who agreed to buy the property upon its terms, plaintiff earned the agreed commission, unless his customer subsequently refused to carry out her contract. Therefore, the burden of proof rested upon defendant to maintain this special defense and this defendant has failed to do.

The judgment appealed from is, for the reasons assigned, affirmed.