No. 10.644
Orleans

---

PRINCE v. MRS. ST. AURIN, WIFE OF WILSON

---

(January 17, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Brokers—Par. 18, 23.** Where an owner arbitrarily refuses to execute an agreement to buy and sell real estate, he owes the real estate agent, employed by · him to secure the purchaser, his agreed commission, in the absence of proof that the buyer was irresponsible because unable or unwilling to ·complete the sale.

Appeal from First City Court, Section "C". Hon. Wm. V. Seeber, Judge.

Action by Meyer G. Prince, doing business under the name of Prince Realty Company, against Mrs. Louise St. Aurin, wife of H. Wilson.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

C. Kohn, C. H. Willie, of New Orleans, attorneys for plaintiff, appellee.

Anna C. McCay, of New Orleans. attorney for defendant, appellant.

OPINION

WESTERFIELD, J. This is a suit by a real estate agent for a commission.

Plaintiff was given exclusive authority to sell defendant's property, for a period of six months, and, if successful, was to receive a commission of $100.00. There is also a claim for $25.00 for an abstract which plaintiff alleges he paid for account of the defendant. Defendant, in denying liability, avers that plaintiff did not procure a bona fide purchaser, able and willing to take the property, and that, consequently, no commission is due.

Judgment was rendered in favor of plaintiff for $100.00 and defendant alone has appealed.

The position of defendant seems to be that plaintiff should show affirmatively the capacity and willingness of its buyer, notwithstanding the admitted refusal of defendant to execute the sale without stating any reason therefor. Of course, no com-

mission is due, unless a buyer who will and can buy the property has been found by the agent for the very good reason that the object of employing and paying a real estate agent is to effect a sale, and not to obtain a signature to an agreement of sale of an individual without moral or financial responsibility. But where, as in this case, the agent obtains a signed offer to buy, which he presents to the owner, who also signs an accepting offer, and thereafter declines, arbitrarily, to execute an act of sale, the burden of proving the irresponsible character of the buyer rests upon the defendant.

There is no proof, and no attempt to prove, that plaintiff's buyer was not able and willing to buy defendant's property.

The judgment appealed from is, for the reasons assigned, affirmed.