## BRUGIER v. RITCHIE

(October 17, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Brokers—Par. 17, 18.** A broker who is employed to buy certain property is entitled to a commission when he has obtained the consent of the owner to sell and the sale takes place; and even if the sale does not take place owing to the fault of the prospective purchaser, he owes the commission when by the agreement of sale he had bound himself to pay the broker a commission if he failed to comply with the agreement.

Appeal from Civil District Court, Hon. H. C. Cage, Judge.

Action by Josephine E. Brugier against Hugh Ritchie.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

B. M. Miller, of New Orleans, attorney for plaintiff, appellee.

Daniel Wendling, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit for real estate broker's commission. It is brought on the following agreement:

"Mrs. O. R. Brugier,

New Orleans, August 1st, 1923.
I hereby offer Twenty thousand dollars for the property No. 1513 St. Charles Avenue. * * * Terms and conditions: Cash. * * * I agree to pay you a commission of Three per cent should I fail to comply with this agreement, if accepted. * * *
(Signed) Hugh Ritchie."

"N. O., August 2nd, 1923.
We accept the above offer, agreeing to pay you a commission of three per cent.
(Signed) Charlotte Claren (and others)."

The plaintiff alleged that the defendant Ritchie was indebted to her in the sum of $600 for the following reasons: That she is a duly qualified real estate broker; that prior to August 1, 1923, Charlotte Claren and others were the owners of the property No. 1513 St. Charles Avenue, and, in writing, had placed said property in her hands for sale for the price of $20,000; that on August 1st the defendant signed the above agreement which was also signed by the owners of the property; that the title to said property was examined and approved by notaries selected by defendant; that the owners of the property had an act of sale prepared and notified defendant to appear and sign said act, which he failed to do, and also failed to pay plaintiff her commission.

She prayed for judgment against the defendant for $600.

The defendant alleged that the above agreement did not embody all the terms of her agreement with plaintiff; that as the sole inducement to him, plaintiff told him that he could apply to any homestead and borrow as much as it would lend him on the property and that she, the plaintiff, would procure for him a second mortgage whereby the agreement would be carried out; that if she was unable so to do defendant would pay her no commission; that defendant was able to borrow only $16,000; that after calling on plaintiff to procure the second mortgage, she was unable to do so, in consequence of which the sale fell through; that except for the above agreement defendant would not have made the offer to buy; that the plaintiff was guilty of fraud in making the above representations; that she assured defendant that she could obtain a second mortgage.

There was judgment in favor of plaintiff and defendant appealed.

Upon the trial of the case, counsel for defendant put him this question:

"Mr. Ritchie, did not Mrs. Brugier, before the signing of this agreement, have a verbal agreement with you, that if you would buy the real estate referred to in her petition, that if you were able to buy for $16,000 she would obtain the difference from the homestead?"

Plaintiff objected to the question upon the ground that it was an attempt to alter, vary and add to a written contract. The court maintained the objection. It is unnecessary to pass upon this objection, as later the plaintiff, without objection, testified that the defendant "Mr. Ritchie had never asked her to take a second mortgage in his life," and that the question of a second mortgage never came up, and that it was not true that she told the defendant that it would be a "boost" for her to put up her sign upon a St. Charles Avenue property. This testimony was not contradicted by the defendant, although he testified in the case. The sole question, therefore remains, did the contract sued on entitle the plaintiff to a commission under the contract and the circumstances of the case?

We have not been favored with a brief in behalf of plaintiff and appellee. But the jurisprudence consecrates the following principle: A broker who is employed to buy certain property is entitled to a commission when he has obtained the consent of the owner to sell and the sale takes place; and even if the sale does not take place owing to the fault of the prospective purchaser, he owes the commission when by the agreement of sale he had bound himself to pay the broker a commission if he failed to comply with the agreement.

No. 7848, Orl. App.
McWilliams vs. Stackhouse, 1 La. App. 253.

Palmisano vs. Stewart, 3 La. App. 66.
Dauterine vs. West India Transportation Corp., 3 La. App. 319.
Prince vs. Mrs. St. Auvin, 5 La. App. 567.
Stoer vs. Pearson, 5 La. App. 609.

The defendant refused to pass the sale and gave no reasons for his refusal. Under the law and the text of his agreement he owes the plaintiff a commission. The trial judge so decided and his judgment is affirmed.