WISE-MILLER v. CATALANOTTO

(March 26, 1928.  Oponion and Decree.)
(April 9, 1928.  Rehearing Refused.)
(May 8, 1928.  Writ of Certiorari and Review denied by Supreme Court.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Brokers—Par. 18.**
One who, through a broker, has offered to buy a property, the offer to remain good and irrevocable through November 10th, and who obligates himself to pay the commission should he fail to comply with the terms of his offer, and who afterwards withdraws his offer before it is accepted, is liable to the broker for the commission he might have earned by a sale.

Appeal from Civil District Court, Div. "D." Hon. Porter Parker, Judge.

Action by Wise-Miller against A Catalanotto.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

F. B. Freeland, of New Orleans, attorney for plaintiff, appellee.

. Guion, Upton & W. W. Ogden, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. The plaintiffs were authorized by Riecke to sell his property for $10,000.

The plaintiff obtained from defendant the following offer and document, reading in part:

"Wise-Miller:
"I offer to buy the property for $9,000 * * * ; should I fail to comply with the terms of this offer, if accepted, I obligate myself to pay the commission and all fees and costs incurred in enforcing collection. This offer to remain good and irrevocable through Nov. 10th, 1923.
    (Signed) "Anthony Catalanotto."
To which Riecke answered:
"I accept the above offer and agree to pay you 3% commission on purchase price.
"Nov 10/23—1 P. M.
                (Signed) "Riecke."

But earlier on the same morning of November 10th, at 10 a. m., the defendant, who had made the offer to purchase, had notified the plaintiff, broker, not to submit his offer to the owner.

Whereupon the plaintiff broker sued the prospective purchaser for his commission, $270, and for $50 attorney's fees under the offer to purchase made by him.

The defendant admitted signing the offer to purchase the property for $9,000, but averred that at 10 o'clock of the morning of November 10th he called at plaintiff's office and withdrew his offer to purchase as he had a right to do, because his power of attorney to plaintiff was revocable, and because there was no contract

between him and plaintiff and no fee can be claimed to enforce the same.

There was judgment for plaintiff for the commission, and defendant alone has appealed. In this Court plaintiff asks for attorney's fees also.

The argument of the defendant is that he withdrew his offer before it was accepted by the owner, as he had a right to do under Articles C. C. 1800-1804, as interpreted by the Supreme Court in Blanks vs. Sutcliffe, 122 La. 448, 47 So. 765, and therefore there was no contract of sale and consequently no commission earned.

Articles C. C. 1800-1804 have their effect as between Catalanotto, who made the offer to purchase, and Riecke, the owner. But they can have no effect as between Catalanotto and Wise-Miller, the brokers, employed by the former to negotiate the sale to him, and to whom they promised to pay the commission if he failed "to comply with the terms of his offer * * * good and irrevocable through November 10th, 1923."

In the Blanks case the contest was between Sutcliffe, owner of sixty shares of stock, and Blanks, to whom he had offered to sell the stock subject to his "acceptance on or before June 15th." Before June 15th Sutcliffe withdrew his offer. Blanks sued Sutcliffe for specific performance or for damages. The Court held that Sutcliffe had a right to withdraw his offer at any time before it was accepted. Sutcliffe was the owner of the stock and offered to sell it to Blanks.

But this case is not one between the owner and the party to whom he made the offer of sale.

It is the case of the broker to whom the prospective purchaser has obligated

himself to pay the commission should he fail to comply with the terms of his offer if accepted.

One proposition is the right of Catalanotto to withdraw his offer to purchase until it is accepted, and another, his right to put an end to his irrevocable contract with the plaintiff, brokers, before the expiration of the time fixed by the contract.

2 C. J., p. 528(a):

"You may revoke an authority although you cannot revoke a contract. A distinction must be made, however, between the principal's power to terminate the authority of the agent to act for him and to bind him to third persons, and the right of the principal to terminate the relation without liability to the agent. As between the principal and agent the right depends on the terms of the contract, and if the agent is discharged in violation of those terms he has a right of action for a wrongful discharge. In this respect the contract and the right thereunder are analogous to the ordinary contract between master and servant."

In the case of Viguerie vs. Davus, 5 La. App. 77, this Court held that "where a contract of agency to sell Real Estate is granted for a specified time allowed the agent in which to effect a sale, the principal cannot deprive the agent of his right to commissions by revoking the agency prior to the expiration of the time stipulated." See also Id. p. 434.

We have also decided that the party through whose fault the sale is not consummated owes the commission when he has promised to pay it. 5 La. App. 609; 3 La. App. 319 (322); Succn. Fairchild, No. 7848, Ct. App.; O. Bk., 56 Tessier, p 31; Brugier vs. Ritchie, 7 Orl. App. 179.

It is therefore ordered that the judgment be amended by increasing it to three hundred and twenty dollars and as thus amended that it be affirmed.