CONNELLY v. RICHMOND

____

(April 23, 1928.  Opinion and Decree.)
(May 7, 1928.  Rehearing Refused.)

____

*(Syllabus by the Court)*

1. **Louisiana Digest—Brokers—Par. 16.**

Under Act 236 of 1920, an unlicensed real estate agent cannot recover a fee or commission for his services.

2. **Louisiana Digest—Brokers—Par. 22, 23.**

Where in a separate paragraph plaintiff alleges, that he is a bonded and licensed real estate broker, and in an articulated answer defendant denies the allegations of this paragraph for want of sufficient information, the question of plaintiff's capacity to sue is sufficiently challenged and no special plea is necessary. The failure to prove plaintiff's capacity under such pleadings must result in a non-suit.

Appeal from the First City Court of New Orleans, Section "C." Hon. Wm. V. Seeber, Judge.

Action by William E. Connelly against Olivia Clark Richmond, widow of Frank Richmond.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

J. D. Dressner, of New Orleans, attorney for plaintiff, appellee.

C. Macalusa, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.  Dissents.

WESTERFIELD, J.  This is a suit by a real estate agent for a commission.

In the first paragraph of his petition he alleges that "he is a licensed and bonded real estate broker of this city." Defendant in her answer denies for want of information "the facts set out in the first paragraph of plaintiff's demand."

There is no proof in the record that plaintiff is licensed or bonded and we are asked to dismiss his suit in conformity with Section 19 of Act 236 of 1920, reading as follows:

"Be it further enacted, etc., That any person, firm, co-partnership, association or corporation, who has not been licensed in accordance with the provisions of this act shall not be allowed to recover any fee, claim or charge for brokerage in the courts of this State."

Plaintiff's counsel direct our attention to the fact that no special plea has been filed challenging plaintiff's qualification or capacity.  No special plea was necessary. The allegation that plaintiff was qualified was denied articulately, as required by the pleading act and he was put upon proof of that fact in the same manner as relates to other facts in issue, the proof of which was essential for his recovery.

See Broussard vs. Rosenblum, 5 La. App. 245, and authorities there cited.

Moreover, the mandatory language of Act 236 of 1928 is addressed to the "the courts of this State" and they are admonished that unlicensed agents "shall not be allowed to recover" a fee or commission.

Under the circumstances and for the reasons assigned, the judgment appealed from is reversed, and it is now ordered· that plaintiff's suit must be dismissed as of non-suit.