**MATTHEWS-PELTON, INC., v. LEBLANC ET AL.**

---

(February 17, 1930. Opinion and Decree.)
(May 19, 1930. Rehearing Refused.)
(July 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

---

Anna W. Matthews, John A. Smith, Jr., and Richard B. Montgomery, Jr., of New Orleans, attorneys for plaintiff, appellee.

Sanders, Baldwin, Viosca & Haspel, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiff, a corporation engaged in business as a real estate broker, sued Henry L. LeBlanc, defendant, and in the alternative J. T. Prowell, defendant, to recover the sum of $1,200, commission alleged to have been earned for the consummation of a written contract on August 5, 1927, whereby LeBlanc agreed to sell, and Prowell agreed to buy, certain real estate owned by LeBlanc. Defendant LeBlanc filed an exception of no cause of action, which was sustained by the lower court, on the ground that the petition alleges that Prowell, in violation of his agreement, refused to take title, and therefore LeBlanc, as owner, was not liable to pay plaintiff's commission as real estate broker, having produced a buyer who was unwilling to carry out his agreement by taking title to the property.

The defendant Prowell filed exceptions of misjoinder, and non-joinder of parties defendant, and an exception of no cause of action, which were overruled. Prowell then filed an answer denying liability and specially pleading that the contract was not binding upon him, and in the alternative that plaintiff at no time agreed to comply with the agreement and tender title; and that Prowell had no agreement or dealings with said LeBlanc; that plaintiff represented the property as being free from all liens and incumbrances, when, as a matter of fact, the property was covered with incumbrances; and that plaintiff acted as the agent for both buyer and seller, and sought to collect a commission from both parties which rendered the agreement null and void.

On the trial on the merits, there was judgment in favor of plaintiff in the sum of $1,200, being 4 per cent commission on the contract price of $30,000 and an attorney's fee of $240. From this judgment Prowell has appealed. Plaintiff has appealed from the judgment sustaining the exception of no cause of action and dismissing the suit as to the defendant LeBlanc.

Able counsel representing both sides filed exhaustive briefs with the district judge on the issue raised by the pleadings, but in this court Prowell has urged and submitted authorities on two points: First, that Prowell dealt only with one George D. Baker, who was in the employment of the plaintiff, and that, as Baker was not a licensed real estate salesman at the time, the alleged commission cannot be recovered, as section 19 of Act 236 of 1920 specifically forbids such recovery; and second, that under the written contract between LeBlanc and Prowell, upon which plaintiff has entered suit, the right of action is in favor

of LeBlanc as vendor to recover any commission he might have been required to pay in the event Prowell, as purchaser, refused to carry out his obligation, and that this right of action is not vested directly in plaintiff as the real estate broker.

We shall dispose of these points in the above order.

The record shows that Baker was not a licensed real estate agent on August 5, 1927, but obtained his license on August 8, 1927. Baker was in the employment of the plaintiff, and had entered into a verbal agreement with John Matthews, secretary and treasurer of plaintiff corporation to divide the commission, whereby Baker was to get 1 per cent, or $300. The offer of Prowell is signed upon plaintiff's stationery, but was secured by Baker. Plaintiff secured LeBlanc's acceptance of Prowell's offer. LeBlanc's authorization to sell the property is signed upon plaintiff's stationery, and was secured by plaintiff. The note given by Prowell for $3,000 as a deposit was made to the order of plaintiff, and remained in its possession during the entire time. It further appears that Prowell wrote plaintiff three letters concerning the transaction on August 6, August 27, and November 23, 1927, respectively.

Does the fact that Baker was not a real estate salesman and assisted in the consummation of the contract of sale affect plaintiff's right to recover from the defendant Prowell its commission?

This court has passed upon this identical question before. In the case of Bosetta vs. Jacobs, 1 La. App. 277, the court said:

"A verbal contract by which 'A', (the defendant) a licensed real estate broker, agrees with 'B' (the plaintiff)—not such a broker—that he will share part of his commission with 'B', if the latter secures for 'A' a purchaser of property listed by 'A', is not a contract prohibited by Act 236 of 1920. Such a contract will be enforced, where 'B's' services are shown to have been successfully rendered."

In the case of Lowewngaratt vs. Freeland, No. 11062, 11 La. App. 582, 123 So. 340, of the docket of this court, decided June, 1929, this court said:

"The agreement of real estate agent to divide commission with one if he introduces a purchaser is enforceable, though the party introducing customer is not a licensed broker, and this none the less because he goes further and assists in the consummation of the sale."

In the present case it appears that plaintiff, a real estate broker, properly licensed, secured authority from the owner to sell the property, and was assisted in procuring an offer to purchase the property from Prowell by Baker, who, at that time, was not a licensed real estate salesman. Plaintiff then had the offer from Prowell accepted by LeBlanc, the owner, and the contract was then complete. Can it be said that plaintiff is not entitled to recover its commission because Baker had not qualified in accordance with Act No. 236 of 1920? We think not, and are of the opinion that the decisions cited, supra, are controlling.

Counsel for the defendant has directed our attention to Connelly vs. Richmond, 8 La. App. 411, which holds that a plaintiff suing to recover commission on an alleged real estate contract must be a bonded and licensed broker in accordance with Act No. 236 of 1920. However, that decision is not applicable here because plaintiff is such a broker and has properly qualified.

We will next consider the second point. The written offer, signed by Prowell, which was accepted by LeBlanc through plaintiff, reads as follows:

"Should I fail to comply with the terms of this offer, if accepted, I obligate myself to pay the commission and all fees and costs incurred in enforcing collection."

The acceptance of LeBlanc is as follows:

"I accept the above offer, also terms and conditions, and agree to pay your commission of 4% on the amount of the purchase price."

In the case of Brugier vs. Ritchie, 7 La. App. 179, this court said:

"We have not been favored with a brief in behalf of plaintiff and appellee. But the jurisprudence consecrates the following principle: A broker who is employed to buy certain property is entitled to a commission when he has obtained the consent of the owner to sell and the sale takes place; and even if the sale does not take place owing to the fault of the prospective purchaser, he owes the commission when by the agreement of sale he had bound himself to pay the broker a commission if he failed to comply with the agreement. No. 7848, Orl. App.; McWilliams vs. Stackhouse, 1 La. App. 253; Palmisano vs. Stewart, 3 La. App. 66; Dauterive vs. West India Transportation Corp., 3 La. App. 319; Prince vs. Mrs. St. Aurin, 5 La. App. 567; Stoer vs. Pearson, 5 La. App. 609."

In the case of Wise-Miller vs. Catalanotto, 8 La. App. 186, this court said that a defendant. as a prospective purchaser, was bound to pay the broker commission when he was the cause of the sale not being completed under the following contract:

"I offer to buy the property for $9,000 * * *; should I fail to comply with the terms of this offer, if accepted, I obligate myself to pay the commission and all fees and costs incurred in enforcing collection. This offer to remain good and irrevocable through Nov. 10th, 1923.
"(Signed) Anthony Catalanotto."

To which Riecke answered:

"I accept the above offer and agree to pay you 3% commission on purchase price.
"Nov. 10/23—1 P. M.
"(Signed) Riecke."

This case appears to us to be in point on this issue, and is supported by the decisions cited supra.

We will now inquire whether or not defendant Prowell was at fault in refusing to consummate the sale.

The record shows that Prowell refused to take title on September 9, 1927, although no formal tender was made. However, on November 21, 1927, plaintiff notified defendant Prowell by registered mail as to the time and place that the sale would take place before the notary public. The return receipt is in the record, showing acknowledgment of delivery of the letter on November 23, 1927. On the same day Prowell wrote plaintiff as follows:

"November 23, 1927.
"Matthews-McArthur, Inc.,
822 Perdido St.,
New Orleans, La.
"Gentlemen:—This acknowledges receipt of yours of the 21st instant inclosing a copy of a letter received by you from W. H. McClendon, Jr., wherein you are notified to be present on Saturday, November 26th, 1927, for the purpose of passing sale from Mr. Henry L. LeBlanc to yourselves.
"In reply, I beg leave to state that I am not concerned in this transaction.
"In further answer, I beg leave to state that I have never given you authority to make any purchase of property in my behalf.
"Thanking you for your courtesy in this matter, I remain
"Yours very truly,     J. T. Prowell."

It is to be noted that defendant Prowell peremptorily refused to carry out his contract on the ground that plaintiff had never

been authorized by him to purchase the property in his behalf. The record shows that Prowell's written offer to purchase the property was duly and legally accepted by LeBlanc, the owner of the property within the time specified in the offer, and therefore the contract to sell was complete.

This case was thoroughly contested by able counsel who represented Prowell, who has had a full opportunity to prove that he was without fault in refusing to comply with his agreement to consummate the sale, and he has failed to do so.

The judge, a quo, allowed the sum of $240, as attorney's fees under the above-quoted provision whereby Prowell obligated himself to pay "all fees and costs incurred in enforcing collection" of the commission. The record shows that the issues involved here were not complicated. The testimony was short, and it did not require very much time to try the case. We believe that 10 per cent of the amount sued for, or $120, would be a reasonable fee under the circumstances.

We are therefore of the opinion that the judgment of the trial court in dismissing plaintiff's suit as to LeBlanc on the exception of no cause of action was correct, and that the judgment on the merits against the defendant Prowell in favor of plaintiff should be amended so as to reduce the attorney's fee to $120.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be and it is amended so as to reduce the amount allowed for attorney's fees from $240 to $120 and, as thus amended, affirmed, at appellant's cost.