TONKEL *v.* MOORE *et al.*

(Division B. October 26, 1931.)

[137 So. 189. No. 29454.]

84

**Wynn & Hafter**, of Greeneville, for appellant.

**Percy, Strauss & Kellner**, of Greenville, for appellees.

Argued orally by **Jerome Hafter** and **J. A. Lake, Jr.,** for appellant, and by **Ernest Kellner,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellees, real estate brokers, sued appellant for the compensation claimed by them, as a result of a real estate sale, which, as the evidence shows, was consummated, not by the brokers, but by appellant direct with the purchaser. There are two counts in the declaration. The first count declared that appellees were employed to sell the property and that they did sell the same, whereby they earned the agreed compensation for the said sale services of two dollars and fifty cents per acre, amounting to two thousand fifteen dollars. The second count is upon the quantum meruit, and the allegations thereof are sufficient to admit the evidence

and a finding to the effect that the employment was to find a purchaser, and that a purchaser was thereupon procured by appellees; that appellees were the procuring cause in a sufficient legal measure to admit of recovery in a just amount on the quantum meruit, although the transaction was not handled to a conclusion by appellees, and was in fact afterwards concluded by and between appellant and the purchaser, on different terms.

There is an important distinction between the employment of a broker to sell and the employment to find a purchaser or to procure a purchaser. In the case of the employment to sell, the broker must not only find the purchaser, but must conclude the negotiations for the sale on the terms authorized by the seller, leaving nothing for the seller to do but carry out the said terms of the sale. The importance of this distinction is pointed out in Handley v. Shaffer, 177 Ala. 636, 653, 59 So. 286. See, also, Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011, and the authorities therein cited. This rule has its foundation in the obvious reason that an owner would be well willing to pay a higher compensation and a compensation fixed at a definite figure for the higher service by which the broker completes the entire negotiation leaving the seller with nothing to do but to execute the authorized terms of the transfer, as against the inferior employment to find a purchaser, with whom the seller must negotiate and come to terms, especially where the terms finally agreed upon, as in the instant case, were different from those which the broker was authorized to accept.

Applying the rule, as first above stated, the testimony in this case discloses clearly that appellees have not brought themselves within the first count of their declaration; namely, that their employment was to sell and that they did sell. And evidently the jury by their ver-

dict did not find with appellees on the said first count, because the verdict was for four hundred fifty dollars, which manifestly must be taken as having been found under the second count which, as stated, was on the quantum meruit. It follows therefore that the court was in error in entering judgment for the two thousand fifteen dollars demanded under the first count, and in disregarding the amount, four hundred fifty dollars, fixed by the jury in their verdict.

No specific evidence was introduced upon the amount proper to be allowed under the quantum meruit count, and we have been at some difficulty in determining whether there is sufficient evidence in the record to sustain the verdict as to the amount found. We have concluded, however, that, taking all the facts into consideration together with the fair and reasonable inferences to be drawn therefrom, there was sufficient upon which the jury could arrive at the amount found by them, and a judgment will therefore be entered here upon the verdict and for the amount fixed therein, with legal interest from the date of that verdict.

Reversed, and judgment here.