AMERICAN BRICK COMPANY *v.* MEADOR.

(Division B. Nov. 9, 1931.)

[137 So. 488. No. 29572.]

Hannah & Simrall, of Hattiesburg, for appellant.

**Morris & Wingo**, of Hattiesburg, for appellee.

Argued orally by **Jas. Simrall**, for appellant, and by **F. M. Morris**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

When all the testimony is reconciled in so far as possible, which it is the duty of the jury to do, and when technical or minor inaccuracies or variances in the answers of witnesses are properly aligned along and as nearly with the general and substantial tenor and course of the entire testimony as is possible, and which is also the function and duty of the jury, there is found sufficient of reasonable evidence in this record to support the conclusion of the jury that the employment in this case was in or towards the procurement of sales, the sales themselves to be made direct by the seller, and that the compensation should justly be placed upon the quantum meruit.

Appellant's point is, however, that the declaration does not declare upon that theory; that the theory of the declaration is that the employment was to sell, and not merely that it was for the procurements of sales. As pointed out in the recent case, Tonkel v. Moore et al. (Miss.), 137 So. 189, there is an important distinction between the employment to sell and the employment to procure a purchaser, and that testimony, which supports the latter theory only, is not sufficient to bring a case within a declaration which declares strictly upon a contract to sell; the proper procedural steps having been taken before verdict to avoid the force of the statute of jeofails.

As mentioned in Handley v. Shaffer, 177 Ala. 636, 653, 59 So. 286, and in other cases, the failure to keep that important distinction in mind has resulted in much confusion in the reported cases upon questions of broker's compensation; and, of course, it has been the cause of many instances of the want of technical accuracy in the drawing of declarations in such cases. So in the case here in hand, although the declaration in its opening sentences would appear to address itself to the theory that the employment was one to sell, yet as the declaration proceeds it becomes fairly evident, as we think, that the substance of the plaintiff's said pleading is finally to the effect that the cause of action is based upon the theory of the procurement of sales; the actual sales to be made by the seller. The allegations of the declaration are that plaintiff was given the exclusive agency to handle the common and face brick of defendant on "all the state buildings on present state building programs," and that defendant agreed to pay plaintiff a reasonable commission "for all brick sold and used" on said public building projects, naming them, "and that thereafter by and through the efforts of plaintiff, the defendants sold to the contractors" a large number of brick, stating the number.

The former manager of appellant company who made the contract of employment with appellee testified, in substance, that the agreement was, not that appellee was to actually sell the brick to the contractors, but that appellee was to work with the architects and building commission, and to do all those things necessary to render the situation such as to remove any obstacles to sales to the contractors, or as the manager termed it, "to make it possible for us to make the sales;" and the manager substantiated the testimony of appellee that appellee did render substantial and valuable services to that end, and that through the efforts of appellee and others assisting him, and who were employed to assist in the matter, the sales were finally made by appellant.

That this was the theory, according to which the trial court, as well as the parties, interpreted the declaration and upon which the case was heard by the court and jury, is shown by the first and principal instruction to the jury in behalf of appellee, and that it was thus recognized also by appellant itself, at the time of and during the course of the trial, is shown, not only by the general course of the examination of the witnesses by appellant, but also by two of the instructions requested by appellant, one of which was granted by the court; and it is, of course, too late after verdict or on appeal to raise the question of variance, when the case as tried so nearly corresponds to the declaration that the defendant itself failed to recognize the difference, if any, or else failed in the manner pointed out and required by law to seasonably present the question while there was yet time for the proper amendments.

The other assignments of error argued have been examined and considered, but, as applied to this record, we are of opinion that they are not well taken, and are not of such nature as to require discussion.

Affirmed.