SEAL *v.* STATE.

(Division A. March 12, 1934.)

[153 So. 385. No. 31104.]

Dudley W. Conner, of Hattiesburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

Argued orally by **Dudley W. Conner,** for appellant, and by **W. D. Conn, Jr.,** for the state.

**McGowen, J.,** delivered the opinion of the court.

The appellant was indicted, tried, and convicted of burglary and larceny and was sentenced to serve a term in the state penitentiary. Appellant was indicted jointly with Emmett Prince, who pleaded guilty.

We deem it unnecessary to rehearse the facts of this case. There was no error committed by the court in permitting the confession of the accused to be offered in evidence, nor was there any error in the ruling of the court as to the admission of evidence.

The defense was an alibi, and that the appellant did not participate, aid, or abet in the commission of the crime,

and in this he was supported by Prince and another witness.

A witness for the state testified that the appellant came to her house in company with her son and others when the goods were brought there, and that appellant said they had stolen the goods. On cross-examination, however, she contradicted this testimony, saying that the appellant had not made any such admission.

This case must be reversed because of the abuse of advocacy by the district attorney in his argument before the jury, to which a special bill of exceptions was taken, and granted by the court, at the time. There are two items of his argument to which the objection thereto was overruled by the court, and a mistrial of the cause refused. The first argument by the district attorney objected to is as follows: "This is another case where a Prince was sent in to do the bidding of him who received the spoils." Appellant insists that this argument was damaging to him because the witness Prince was a brother of the Prince who had been convicted in connection with Wexler, a case tried in that community. Nothing of this appears in the record, and we cannot see that error could be predicated upon this statement by the district attorney. The appellant had carefully proved that Prince, who was on the witness stand, was a brother of Andrew Prince, and the record shows nothing further.

However, the district attorney further said that: "Unless you convict in this, the first case of this term, it will be useless to try another case this week and Judge Pack would be warranted in discharging the jury now." We are of the opinion that this statement to the jury transcended legitimate argument, appreciating, as we do, the broad latitude which must be allowed counsel in presenting a case to a jury. This argument was tantamount to telling the jury, with the approval of the court, that, if they declined to render a verdict of guilty as suggested

by the district attorney, it would deserve the condemnation of the court to the extent that it should be discharged, which the jury could interpret as meaning that if they failed to return a verdict of guilty, they would merit the court's condemnation, which would be dreaded by the average juror. The argument was wholly unnecessary in the light of the facts of the case.

The court overruled an objection thereto, and declined to grant a mistrial of the case. The argument then went to the jury with the full weight of the influence of the judge of the court behind it. The implied threat placed too heavy a burden upon the appellant.

We have examined the cases, cited by the attorney general as upholding this argument, of Perkins v. State, 160 Miss. 720, 135 So. 357; Blackwell v. State, 161 Miss. 487, 135 So. 192, 137 So. 189; and Lee v. State (Miss.), 148 So. 627. In the latter case the language before the court was: "It would be better for this county if God would send an earthquake and swallow up Pistol Ridge and send it to the bottom pits of Hell." This argument was extravagant, but could not be construed into a threat of penalty upon the jury. At most, it was a criticism of a community, and was not at all comparable to the language here under consideration.

A jury should not be thus trammeled and handicapped in the exercise of its full freedom to pass upon the issue of fact presented to it; and for that argument, we feel that this case ought to be reversed and remanded for another trial.

Reversed and remanded.