## MOORE v. BURDINE et al.*

### No. 16115.

Court of Appeal of Louisiana. Orleans.

May 17, 1937.

*Rehearing denied June 14, 1937.

Webb M. Mize, of Gulfport, and George E. Konrad and H. W. & H. M. Robinson, all of New Orleans, for appellant.

Bentley G. Byrnes and Frederic C. Querens, both of New Orleans, for appellees.

McCALEB, Judge.

This suit was brought by C. Greer Moore, a real estate broker, doing business in New Orleans, La., against Mr. and Mrs. Wesley D. Burdine, also residents of that city, for the recovery of a certain brokerage commission, to which he claims to be entitled, for procuring a purchaser for property owned by the defendants in Pass Christian, Miss.

He alleges, in substance, that, during the period May 1, 1932, to August 8, 1932, the defendants were residents of Pass Christian, Miss., and were the owners of certain real estate situated there; that, during that time, he was a duly qualified real estate broker in and for the state of Mississippi and was verbally employed by the defendants, as such, on or about May 5, 1932, to sell, rent, or exchange the property owned by them; that, in accordance with his employment, and, as a result of his efforts, he secured a purchaser for defendants' property, viz., Gustave A. Schmidt of New Orleans, La., and that a transfer of title was effected on August 8, 1932. He further avers that the consideration of the sale from the defendants to the said Schmidt was $11,860; that the customary brokerage commission in the state of Mississippi is 5 per cent. of the purchase price and that he is therefore entitled to recover from the defendants the sum of $593. By supplemental petition, he alleged that his contract with the defendants was made in Mississippi and is covered by the laws of that state, which are pleaded in extenso.

After filing certain exceptions to the petition, which were overruled by the court below, the defendants answered, admitting that, during the period from May through August, 1932, they were residents of Pass Christian, Miss., and owned certain real estate situated in that city and that, at the present time, they are residents of New Orleans, La. They denied, however, that plaintiff was either employed by them or that he secured a purchaser for their property. They also filed a supplemental answer in which they set forth that the plaintiff is not entitled to sue for the claimed commission in the courts of Louisiana because he was engaged as a real estate broker in violation of the laws of this state, and attempted to render services for the defendants which were illegal.

The case was tried and evidence was heard respecting the question of plaintiff's employment by the defendants, his procurement of a purchaser for defendants' property, and the law of Mississippi said to be applicable to the facts of the case. The district judge, being of the opinion that the proof submitted by the plaintiff was in-

sufficient to sustain his cause of action, dismissed the suit under the authority of Tonkel v. Moore et al., 162 Miss. 83, 137 So. 189. Plaintiff has appealed from the adverse decision.

Inasmuch as the trial judge applied the law of Mississippi in determining the rights of the parties in this case, we deem it appropriate to, first, consider whether the Mississippi law or the law of this state governs the matter.

We will assume, for the purpose of this discussion, that the plaintiff was hired by verbal contract as defendants' real estate broker to procure a purchaser for their property, situated on the Mississippi Gulf Coast, and that the plaintiff's efforts on defendants' behalf was the sole and efficient cause in bringing about the subsequent disposal of the real estate.

Plaintiff's version, respecting the contract of employment and the performance thereof, is as follows:

That he is a resident of the city of New Orleans and is engaged in the real estate business there, with offices in the Pere Marquette building; that, on May 3, 1932, Mr. Burdine, one of the defendants, wrote him a letter expressing the desire that plaintiff sell, trade, or rent the property of the defendants situated at Pass Christian, Miss.; that, a few days later, he called upon Mr. Burdine at Pass Christian, Miss., and was authorized by the latter to find a purchaser for the property. He concedes that he was not, either at the time of his employment or thereafter, a qualified real estate broker for the state of Louisiana, as provided for by Act No. 236 of 1920. He contends, however, that his principal real estate business in Louisiana is the handling of Mississippi Gulf Coast property and that the contract herein sued upon, being made in Mississippi, is governed by the laws of that state. He asserts that, after he was employed by Mr. Burdine to obtain a purchaser for the property, he returned to New Orleans and made several contacts with clients in that city, whom he believed were interested in Gulf Coast real estate; that, through his connections, he was able to contact one Schmidt and interest the latter in the defendants' property, and that, by his efforts, the defendants were subsequently able to consummate a deal with Schmidt whereby they traded their property in Pass Christian for Schmidt's property in New Orleans.

It will be seen from the foregoing that the verbal agreement was made in Mississippi. Therefore, under the accepted rule of comity between the several states of the Union, the law of Mississippi would ordinarily be applied by our courts, as it is well settled that the law of the place where the contract is made governs the rights of the parties. The American Law Institute's Restatement of the Conflict of Laws, § 343, informs: "Whether an agreement between two or more persons constitutes an authorization by one person that another may perform an act on his behalf is determined by the law of the place where the agreement is made."

Such is the general rule, but it is subject to certain limitations which will be hereinafter pointed out. In the instant case, the defendants maintain that this principle may not be invoked in the event the law of the state, where the contract is to be performed, makes its execution illegal, and that, even the courts of the state where the contract is made, will not lend their aid to its enforcement under these circumstances. The basis of the postulation is premised upon the defendants' interpretation of the agreement in suit in respect to the intention of the parties. They assert that the plaintiff is admittedly a citizen of Louisiana and conducts his real estate business in the city of New Orleans and that, at the time he was employed by them to procure a purchaser for their property, he was doing business in this state in violation of law inasmuch as he had not complied with the provisions of Act No. 236 of 1920 requiring all realtors to obtain a license, etc. It is further maintained that, at the time the plaintiff was hired, it was clearly the intention of the parties that the services to be rendered by him were to be performed in Louisiana. This argument is founded upon the fact that the plaintiff's real estate business was conducted in New Orleans; that it is a matter of common knowledge that New Orleans affords the principal market for the disposal of Mississippi Gulf Coast properties; that the evidence plainly exhibits that all efforts made by the plaintiff, in the performance of his duties under the agreement, were confined to contacting prospects residing in Louisiana; and that the purchaser, whom plaintiff claims to have procured and who later traded with the defendants, was a resident of this state.

■ We find that the defendants' contention is sustained by the evidence and we have no hesitancy in holding that, at the time the plaintiff was employed by the defendants, it was the intention of the parties to the agreement that the services, which the plaintiff agreed to perform, were to be rendered in his capacity as a real estate broker in the state of Louisiana.

Having reached the conclusion that the contract of employment was to be performed in this state, we next consider whether the agreement was illegal because of the asserted disqualification of the plaintiff under the laws of Louisiana, which prevented him from undertaking the engagement.

Act No. 236 of 1920 regulates the mode and manner of conducting the affairs and business of real estate in Louisiana, defines and licenses real estate brokers, requires the posting of a bond by them, creates a state board of real estate, and makes it a misdemeanor for any person to engage in that business without complying with the provisions of the law. Section 2 of the statute defines a real estate broker as follows: " * * * any person, firm, partnership, association, co-partnership or corporation, who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiate the purchase or sale or exchange of real estate, or who leases or offers to lease or rents or offers for rent, any real estate or the improvements thereon for others, as a whole or partial vocation."

■ It is obvious, from the foregoing definition of a real estate broker, that the business which the plaintiff conducts is squarely covered by it. He maintains a real estate office in the city of New Orleans and holds himself out to the public as being a person who, as a whole or partial vocation, sells, buys, or negotiates for the purchase or sale or exchange of real estate. He contends, however, that the act is without application to the business he does because the major portion of his activities is devoted to transactions involving the sale, purchase, or exchange of properties situated on the Mississippi Gulf Coast and outside of the state of Louisiana. We see no merit in this argument, for plaintiff is doing business in this state, when he has his office here and offers to sell or buy property to residents of Louisiana. The situation of the property he offers to sell, buy, or trade, is of no importance. The purpose of the enactment of. the statute, requiring that real estate agents post bonds and be possessed of certain qualifications, is for protection of the public, and one who endeavors to operate such business within the confines of this state, without complying with the provisions of law, is guilty of a misdemeanor, and our courts are prohibited by section 19 of the act from allowing any such person to recover any fee, claim, or charge for brokerage. In Connelly v. Richmond, 8 La.App. 411, we said: "Moreover, the mandatory language of Act 236 of 1920 is addressed to 'the courts of this State' and they are admonished that unlicensed agents 'shall not be allowed to recover' a fee or commission." ·

■ It is our opinion that the contract of employment (which was to be performed in this state) was illegal because the plaintiff was prohibited, under our law, from rendering the stipulated services. Hence, the fact that the agreement was made in Mississippi is immaterial, inasmuch as our courts cannot enforce contracts contrary to the public policy of this state. As a matter of comity between the several states, the court will apply the law of the place where the contract is made in preference to the law of the forum. But the comity extended by one state, in the application of the law of another state, is subject to certain well-defined limitations and restrictions, and it is firmly established that the law of the place where the contract is made will not be given effect when to do so will be contrary to the settled public policy of the forum. See 12 Corpus Juris, 439.

In the case at bar, the contract of employment was invalid because the plaintiff was prohibited by the law of this state from legally performing the services he agreed to render, and our courts are not permitted to entertain his action to recover the commission he allegedly earned in the performance of an unauthorized calling.

■ But, aside from questions of comity, we find that, under another well-recognized exception to the rule, that the law of the place where the contract is made governs the rights of the parties, the plaintiff's action must fail. While it is generally understood that the lex loci contractus is pertinent to its validity and enforcement, nevertheless it is also settled that, if the law of the place where the agreement is to be performed, prohibits its execution, then

the latter is controlling. Section 360 of the American Law Institute's Restatement of the Conflict of Laws provides: "If the performance of a contract is illegal by the law of the place of performance at the time for performance, there is no obligation to perform so long as the illegality continues."

Thus, in the instant case, the rendition of the services by the plaintiff, being prohibited by the law of this state (where the services were to be performed), the contract was null, and neither plaintiff nor defendants acquired any rights thereunder.

Since we find that the courts of this state are not privileged to pronounce upon the merits of plaintiff's claim, it is unnecessary for us to discuss the other points interposed by the defendants as a bar to the action.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

WESTERFIELD, J., absent.

HUGH M. WILKINSON, Judge ad hoc, sitting in the absence of WESTERFIELD, J.