Plaintiffs, all children and grandchildren of Mrs. Sarah A. Brown, instituted this suit against Mrs. Georgia A. Edmondson, J.R. Turbeville, Mrs. Ruby Turbeville and Mrs. Esther King. Mrs. Edmondson is the daughter of Mrs. Sarah A. Brown; Mrs. Turbeville and Mrs. King are the daughters of Mrs. Edmondson and J.R. Turbeville is her son-in-law.
The petition alleges that on or about November 1, 1932, Mrs. Sarah A. Brown, by a purported deed purported to convey and deliver to Mrs. Georgia A. Edmondson the following described property, to-wit: NE 1/4 of Section 9, Township 16 North, Range 3 West, Jackson Parish, Louisiana; with certain movables. Plaintiffs alleged the deed is null and void and should be erased from the records of Jackson Parish for the reason it was wholly without consideration; that no money or other consideration was paid Mrs. Brown and that it was a simulated sale and well known to be by all parties to it.
The petition further alleged that Mrs. Edmondson did collude with her daughters and son-in-law for the purpose of carrying out this fraudulent scheme and did by deed transfer to them a part of this same *Page 132 
property, to-wit: S 1/2 of NE 1/4 and NE 1/4 of NE 1/4, Section 9, Township 16 North, Range 3 West. They further alleged that no consideration was paid for this last transfer and the attempted conveyance was purely and simply a simulation. There are other allegations made in the alternative which are unnecessary to relate here for the purpose of this decision.
Defendants answered denying the allegations of plaintiffs' petition and alleged that a good and valid consideration was paid for said transfer.
At the beginning of the taking of evidence in the trial below defendants through counsel objected to any evidence in support of the petition for the reason it fails to set forth or disclose a right or cause of action. The evidence was admitted subject to the objection and made general to apply to all testimony in the case.
The lower court rendered judgment for plaintiffs as prayed for, declaring the two sales to be without consideration and defendants are prosecuting this appeal.
The deed under attack made to Mrs. Edmondson is dated November 1, 1932. The vendor therein, Mrs. Brown, died on May 19, 1934. This suit was filed on July 7, 1939. Appellants seriously contend here that the suit should be dismissed for the reason it cannot be maintained against Mrs. Edmondson, a married woman, and her husband, T.D. Edmondson, was not made a party. The deed on its face is a cash notarial deed reciting a consideration of $800. The vendee is stated to be Mrs. Georgia A. Edmondson, wife of T.D. Edmondson. It was properly executed before a notary public and filed for record on the day of its execution and recorded November 9, 1932. It is not declared in the deed that the purchase price was paid with separate or paraphernal funds of the vendee or that the property was to be the separate property of Mrs. Edmondson.
The property conveyed by the above-described deed became a part of the community of acquets and gains existing between T.D. Edmondson and his wife, the vendee named in the deed. This principle of law is too well settled to need any citation of authorities to support it. It is also well settled that deeds of conveyance properly executed and recorded are presumed to be valid and this presumption continues until such conveyance is annulled by proper judicial proceedings; and that the husband is head and master of the community and is the one entitled by law to prosecute its rights and defend its interests. In the case at bar the court is called upon to determine if the deed from Mrs. Brown to the community existing between T.D. Edmondson and his wife is a valid deed or a simulated conveyance and therefore null and void and of no effect. Yet the head and master of the community, the one authorized by law to defend such an action, has not been made a defendant. The wife alone cannot, under the laws of this State, prosecute a community claim or right neither can she alone defend an action against the community and stand in judgment to bind the community. A judgment against the community, where the wife alone is made defendant, can have no effect in law against the community. Clearly T.D. Edmondson, the head and master of the community, was a necessary party to this suit.
In the deed to Mrs. Edmondson's daughters and son-in-law, the second deed attacked in this suit, the vendors are T.D. Edmondson and Mrs. Georgia Edmondson, husband and wife. Although in the very face of this deed T.D. Edmondson is shown to be a vendor he is not made a party defendant. He certainly was a necessary party.
Appellees contend that appellants did not file an exception of non-joinder and thereby waived it. There is no merit in this contention. They did object to any evidence on the ground that the petition did not disclose a right or cause of action. This objection was possibly good, but whether it was or not, the courts will ex proprio motu notice the failure of the plaintiffs to bring the proper parties in this court. The court cannot proceed properly without such parties. Ashbey v. Ashbey, 41 La.Ann. 138, 5 So. 546; Succession of Todd, 165 La. 453,115 So. 653.
It therefore follows that since the proper parties are not before the court, the judgment of the lower court will have to be reversed and plaintiffs' suit dismissed at their cost.
It is so ordered, adjudged and decreed.
TALIAFERRO and HAMITER, JJ., concur. *Page 133