Plaintiff, alleging herself to be record owner of title to a certain tract of land located in Lincoln Parish, Louisiana, instituted this proceeding, by summary process, to eject the defendants from the property of which they were alleged to be enjoying the possession and use without right or authority.
Upon trial plaintiff offered in evidence deed dated June 12, 1942, executed by the defendant, R.E. Harris, Jr., as vendor, to plaintiff as vendee, conveying the property described, whereupon counsel for defendant objected to the introduction of any testimony on the ground that the deed offered and received in evidence showed the property to belong to the community; that plaintiff's husband, D.N. Howell, was not a party to the suit, and that his wife could not prosecute a suit affecting community property without joining her husband, the head and master of the community. The testimony was admitted subject to the objection, which objection was made general in its scope.
The only testimony in the record is that of plaintiff, who upon direct examination testified, over objection of defendants' counsel, that she paid for the property with her own money which she had inherited.
After cross-examination of plaintiff, without waiving his rights under the objections urged, counsel for defendant elected to rest upon the objections made on the ground that plaintiff had no right to introduce evidence for the reason that the proper parties at interest were not made parties to the suit.
Judgment was rendered in favor of plaintiff, ordering defendants to vacate the premises and deliver possession thereof to plaintiff, from which judgment defendants have appealed.
It is obvious that the objection made to the reception of testimony by plaintiff was regarded as being in the nature of an exception of want of capacity, but, as a matter of fact, we are inclined to the view that the objection, in reality, was urged in lieu of an exception of no right of action. While it is likely that the objection, viewed in this light, is good, and should have been sustained, we do not find it necessary to rule on this point, preferring to base our opinion upon a consideration of the record as it appears before us.
Under Article 2402 of the Civil Code, property acquired by purchase in the name of either husband or wife forms a part of the community existing between husband and wife. While it is true that this presumption may be rebutted, it is also true that the mere establishment of the fact that property purchased in the name of the wife and paid for out of her separate and paraphernal funds is not sufficient to rebut the presumption. An essential element is the establishment of the fact that the property was acquired by the wife and paid for out of paraphernal funds under her administration and available for investment. Fortier v. Barry, 111 La. 776, 35 So. 900. There are numerous authorities to the same effect which have established this requirement beyond any question, among which are First National Bank v. Coreil, La.App., 145 So. 395; and Houghton v. Hall, 177 La. 237, 148 So. 37.
In this case it is evident from an examination of the record that the plaintiff *Page 670 
did not sustain the burden of proof. In other words, she did not prove that the property in question, which was bought in her name, was purchased with separate and paraphernal funds, which were under her administration and control. The presumption as to the community nature of the property not having been rebutted, it is obvious that the suit of the wife cannot be maintained since the husband, as head and master of the community, is a necessary party, Anderson et al. v. Edmondson et al., La.App., 8 So.2d 131.
It follows that the judgment appealed from must be reversed.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be annulled and set aside, and there is now judgment in favor of defendants rejecting plaintiff's demands, together with all costs of both courts. *Page 768