HARDY, Judge.
This is a suit in which plaintiff seeks to recover' the sum' of $535 allegedly retained by defendant as a real estate broker’s commission out of a down payment of $1,000 under a' contract of sale of certain property owned by plaintiff. Defendant -filed exceptions of nonjoinder and no-' right of action in the lower court and an exception of no cause of action ih this court. The exception of no- right of action was overruled but the exception of non-joinder was sustained and the Judge of the District Court ordered plaintiff to amend his petition within ten days, otherwise the suit to stand dismissed. Counsel for .plaintiff chose not to amend, and, .as a consequence, there was judgment dismissing plaintiff’s suit, from which he prosecutes this appeal.
The allegations of plaintiff’s petition declare that he was the owner of certain described property situated in the Parish of Ouachita, State of Louisiana, which he listed for sale with the defendant,. Mrs. Alice David, a duly licensed real estate broker.. Pursuant to her authorization defendant procured a prospective purchaser, one J. R.-Pope, who entered into a contract with plaintiff, under the pertinent terms of which the said Pope paid the sum. of $1,000 cash on a total consideration of $10,700, agreed to pay the sum of $60 per month up .to date of passing of deed, and thereupon to pay the balance in cash to plaintiff. A copy of the contract was attached to plaintiff’s petition. The following further provisions of the agreement read as follows:
“In the event, however, that.this transaction should.not be completed due tp any *564 fault or failure on the 'part of Buyer to take title, then in such case possession shall promptly be returned by Buyer to Seller, and all sums paid on account shall be forfeited to Seller as liquidated "damages.
* * *
“Seller agrees to pay his own real estate commission for the sale of the property.”
Opposite the last above quoted provision there is the following penned notation: “Rec’d commission $535.00 on June 2nd— Alice David.”
The petition alleged that Pope defaulted in his undertaking. As a result the agreement was cancelled and the $1,000 down payment was forfeited. It is noted that the contract is dated June 1, 19.48, and defendant acknowledged receipt of the sum of $535 which was 5% commission on the total consideration of.$10;700, the following day.
The exception of no right of action which was overruled by the Judge of the District Court is not urged before us, and, as a consequence, we have for consideration on this appeal the exception of non-joinder and the exception of no cause of action, which, as above noted, was filed for the first time in this Coúrt."
The grounds for the exception of non-joinder are set forth therein as follows: “That the suit herein instituted by plaintiff against this appearer should be dismissed for failure to join as a necessary party defendant herein the husband of your appearer, Victor R. David; that ap-pearer is a married woman lawfully married to the said Victor R. David and living in community with him; that she is not conducting a separate business; that the proceeds of her activities"as a real estate agent fall into the community of acquets and gains existing between her • and her said husband; that the liability which plaintiff seeks to establish and allege in this cause, if valid, is or would be a community liability for which the husband as head and master of the community alone would be liable' and could stand in judgment; and particularly that the proceeds of the real estate commission which plaintiff alleges he is entitled to recover back went into- the community funds of ap-pearer and her said husband.”
By stipulation, for the purpose of the submission of the exception, it was agreed by counsel for the parties litigant that the facts set forth in the exception, as above quoted, should be accepted as being true and correct. Under this stipulation it is obvious that defendant’s business was a community enterprise and that the proceeds' thereof fell into the community existing between herself and her husband, Victor R. David. Inasmuch as the exception sets forth that the liability sought to be enforced by plaintiff is a community liability for which the husband alone, as head and master of the community, could stand in judgment, it. would appear, that the stipulation of the correctness of the facts embraced in the exception would put defendant out of Court. However, we choose to regard the statement referred to as being a conclusion of law, and therefore proceed to a consideration of the merits of the exception.
Counsel for plaintiff relies primarily upon the married women’s enabling act, No. 283 of 1928, LSA-RS 9:101 et seq., as authority for the contention that defendant is authorized thereby to make contracts, to defend suits and to stand in judgment without the authority of her husband. This proposition is not open to dispute in cases where the wife’s business enterprise is entirely separate and distinct from the community, but we seriously question its applicability under the facts of the instant case. Here it. is admitted that although the business of a real estate broker was conducted by the defendant wife in her own name, it was nonetheless an enterprise of the community. The commission which was received ⅛ this case became a part of that community. tJnder such circumstances we think it has been definitely, established that the husband is a necessary party to the proceeding: “The wife alone cannot, under the laws of this state, prosecute a community claim or right neither can she alone defend an action against the community and stand in judgment to bind the *565 community. A judgment against the community, where the wife alone is made defendant, can have no effect in law against the community.” Anderson et al. v. Edmondson et al., La.App., 8 So.2d 131, 132.
In the above case this court noted, ex proprio motu, the 'failure to join a husband as a party defendant, despite the fact that an exception of non-joinder had not been filed, and dismissed plaintiff’s suit.
We think there can be rió question as to the merit of defendant’s position under the exception of non-joinder, and it follows that the judgment sustaining the exception is correct. Since plaintiff elected to make no amendment within the time fixed by the court, the judgment of dismissal was' proper.
Despite the fact that we are firmly of the opinion that the above conclusion definitely disposes of plaintiff’s action, we nonetheless proceed to a consideration of the exception of no cause of action which is urged before this court.
The exception is based upon the proposition that defendant’s commission was earned upon the execution of the contract between plaintiff as seller and Pope as buyer; that her right to her commission thereby became' vested, and, as a consequence, that plaintiff has stated no cause of, action for the recovery of the.amount received by defendant as commission.
The petition alleges :that plaintiff and Pope mutually agreed to the cancellation of the contract of sale and that as a result the defendant did not' earn a commission for making the sale. Under what we regard as the well established jurisprudence of this State this position is entirely uri-tenable. There can be no doubt, under the allegations of the petition, that defendant made the sale which was ■ evidenced by the agreement between her principal and the purchaser whom she procured. With the ■execution of the agreement to sell defendant’s right to her commission became a vested right and if plaintiff subsequently voluntarily released the purchaser from his agreement, such action could have no effect with respect to divesting defendant of the cominission which she had earned and received. ■ ■ ' :
In this case the broker had done everything that was requited of her. The consummation of the contract was a matter entirely within the power of the principals and one with which the broker was not concerned. Under these circumstances, we think the following quotation is particularly appropriate; “ * * * the agreement to exchange the properties shows that : the plaintiff, broker, had complied with his obligation to defendant, his principal, and there was not anything else for him to' do, and that the matter of executing the agreement was for the parties * Neal v. Murff, 16 La.App. 60, 133 So. 418, 420.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.