No. 30.

## L. A. LEVY vs. M. ROOS.

Plaintiff having made part of his Petition a Record which shows a judgment against him and in favor of Defendant, for a larger sum than Plaintiff's claim, the Exception of No cause of action was well taken and should be sustained, as Compensation takes place by the simple operation of the law.

One judgment compensates another though the original obligations upon which they are rendered were not compensable.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor, J.*

---

Land and Land for Plaintiff and Appellant.

Compensation is an equitable remedy, and is not extended to wrong-doers or those guilty of bad faith. 7 An. 53.

Trespassers cannot avert a judgment for damages resulting from the trespass by compensation or reconvention. 1 N. S. 556 ; C. C. 2210. Alexander & Blanchard for Defendant and Appellee.

First—That as compensation takes place by the mere operation of law, and plaintiff's petition disclosing a state of facts from which compensation of his claim must be held to result, the exception of no cause of action ought to have been sustained.

Second—That under such circumstances, the tender of the plea of compensation was not necessary to enable defendant to take advantage of it.

Third—That the exception being overruled, and the plea of compensation then tendered by defendant, the same was properly sustained.

Fourth—That plaintiff's claim, shown to have been extinguished by

compensation as to the principal debtor, must be held equally ex-
tinguished as to the surety (defendant herein). C. C. 2211, 3059,.
3060 ; 10 A. 479.

Fifth—Compensation must be admitted unless plaintiff's claim comes
within one of the exceptions enumerated in C. C. 2210. The case
of Innis vs. Ware, 1 N. S. 556, cited by plaintiff's counsel, is entirely
inapplicable to the facts of this case.

Sixth—Plaintiff's counsel has failed to distinguish between a demand
for the restitution of a thing of which the owner has been unjustly
deprived, and one for damages only, resulting from the wrongful
issuance of a writ of attachment.

Seventh—Judgments stand upon an equal footing without regard to
the causes of action upon which they are based. The cause of ac-
tion in each case, is merged in the judgment and looses its identity
in the judgment. One judgment, therefore, will compensate another,.
though the original obligations, before reaching the dignity of judg-
ments, may not have had that effect.

Eighth—Intervenors have no greater rights against defendant than
plaintiff has ; and besides, their prayer makes them stand or fall
with plaintiff.

Ninth—As attorneys for plaintiff, who was defendant in a previous
attachment suit, intervenors alleged attorney's fees to be worth
$250. That was a judicial admission of their value, which they are
estopped from contradicting by averring and proving their fees to
have been worth more. C. C. 2291 ; H. D. pp. 518,519 ; 31 A. 100 ;
30 A. 1145 ; 27 A. 701 ; 23 A. 764 ; 18 A. 136.

Tenth—The evidence of the privilege claimed by intervenors was not
recorded until after rendition of the two judgments from which
compensation resulted.

Eleventh—A judgment affirmed on appeal, has, for all its effects
and consequences, including compensation, a retroaction to the
date of its rendition in the court a qua. 17 A. 250, C. C. 3322, 3323,.
2334.

Twelfth—Pending a suspensive appeal, the judgment appealed from
cannot be pleaded in compensation ; but, being affirmed, it can be
so pleaded, and will have a retroactive effect to the days of its first
rendition.

Thirteenth—C. C. 3343 defines who are " third persons," to affect
whom the registry of privileges and mortgages is necessary.
Under this article defendant must be held to be a " third person,"
and, in order to affect him, registry was necessary.

Fourteenth—Privileges exist only so long as the property or thing

upon which they rest remains in the possession and ownership of the person who owes the debt from which the privilege springs.

Fifteenth—The registry of a privilege does not preserve its existence ; it merely gives effect to the privilege, as to third persons, so long as it exists. If the subject of the privilege passes out of the possession and ownership of the debtor, or is lost, or extinguished in any way, the privilege perishes.

The opinion of the Court was delivered by

TODD, J. In October, 1878, S. Hernsheim & Bro. brought a suit against the plaintiff in this case in the District Court of Caddo. The suit was commenced by attachment, and the property of the defendant in that suit, L. A. Levy, and plaintiff in this, was seized. The defendant in this suit, M. Roos, was the security of Hernsheim & Bro. on the attachment bond in the previous suit. In that suit there was judgment in favor of Hernsheim & Bro. for the amount of their demand, $1981 96, but the attachment was dissolved and damages allowed against Hernsheim & Bro., plaintiffs in that suit, for $1675, $1450 of which was for general damages, and $250 special damages for attorneys' fees.

This judgment was affirmed by this Court on appeal.

The present suit is brought by L. A. Levy, the defendant in the attachment suit, against M. Roos, the surety on the attachment bond, to recover the damages allowed in the previous case, for the wrongful issuance of the attachment.

There was an exception filed that the petition contained no cause of action, which was overruled.

Subsequently, the defendant answered, setting up in compensation the judgment obtained by Hernsheim & Bro. against Levy, the plaintiff, and alleging that the judgment or demand for which he, Roos, was sued was extinguished by the judgment thus pleaded in compensation against Levy and in favor of Hernsheim & Bro.

There was an intervention filed by T. F. Bell and J. C. Moncure, claiming a judgment against the plaintiff, L. A. Levy, of $500, for services rendered by them as attorneys in the case of Hernsheim & Bro. vs. Levy—the attachment case mentioned—and praying for a recognition of a privilege for said sum on the judgment awarded on the reconventional demand of Levy in that case, as damages caused by the attachment.

There was judgment rejecting the demand of the plaintiff against the defendant, allowing intervenors' demand against the plaintiff, but rejecting their claim for the recognition of their privilege.

From this judgment plaintiff and intervenors have appealed.

We think the judge *a quo* erred in overruling the exception as to no

cause of action. The entire record in the case of Hernsheim & Bro. vs. L. A. Levy was made part of the petition in this case. In that record is the decree upon which the present suit is founded. By that decree, it was adjudged that the defendant therein, L. A. Levy, plaintiff in this suit, owed Hernsheim & Bro. $1981 96, and that Hernsheim & Bro. owed Levy $1675 on his reconventional demand. We hold that at the very instant this decree was rendered compensation took place, the effect of which was to extinguish *in toto* the lesser judgment in favor of Levy, and to the amount of the same, at the same moment, to extinguish *pro tanto* the larger judgment in favor of Hernsheim & Bro. against Levy. " Compensation takes place of course by the mere operation of law, even unknown to the debtors ; the two debts are reciprocally extinguished as soon as they exist simultaneously, to the amount of their respective sums." R. C. C. 2208 ; C. P. 366.

Compensation having thus taken place, the result was, that when this suit was instituted, the petition of plaintiff, with its annexed record forming part of it, instead of showing an amount owing by Hernsheim & Bro. for which Roos, the defendant, was liable as their surety, showed a balance owing by Levy, the plaintiff, to Hernsheim & Bro., this balance being the exact difference between the two judgments, and amounting to the sum of $306 96.

It is contended, however, by plaintiff's counsel, that compensation did not take place, for the reason that the character of the claim constituting the reconventional demand, for damages growing out of the attachment for which the judgment was rendered, brought it within the exceptions declared in article 2210 R. C. C. These exceptions are :

1. " Of a demand of restitution of a thing of which the owner has been unjustly defrauded.

2. " Of a demand of restitution of a deposit and of a loan for use.

3. " Of a debt which has, for its cause, aliments declared not liable to seizure."

The character of the demand to which it is sought to apply the principle of these exceptions does not fall within them, as we construe them. Being exceptions to a general rule, they cannot be extended by implication but must be strictly construed. Even were it otherwise, they cannot be applied to the circumstances of this case. The question here is simply, can one judgment compensate another? The original causes or considerations, on which the judgments were based, were merged in the judgments themselves, and the issue is thus narrowed down to the question suggested.

To make the principle contended for applicable, there must be a demand growing out of one of the causes contained in the exceptions referred to, and that demand must be opposed by a plea in compensa-

tion based upon an ordinary claim, at least one not embraced within the exceptions. In such case, were the plea interposed it should not be allowed. Were judgment rendered on one of these exceptional claims with or without the plea of compensation being interposed, it would be compensable by any other legal judgment that the debtor might oppose to it.

Had our learned brother of the lower court taken this view of the matter *in limine*, he would have sustained the exception and dismissed the suit, and not been called on in the further progress of the case to entertain the intervention filed. In the conclusion that he finally reached, however, as evidenced by the judgment rendered, and in the able opinion by which he supports that conclusion, he is entirely in accord with these views.

As it is the province of this Court to revise all the errors relating to the action and rulings of the court *a qua*, shown by the record, and being satisfied that there was no cause of action disclosed in the petition, and that the suit should have been dismissed upon the exception, seasonably filed, averring such want of cause, we are compelled now to give effect to that exception by sustaining it. Our judgment will necessarily retroact to the point of time in the proceedings when the exception should have been sustained by the judge *a quo*, and the suit dismissed.

This view of the subject and disposition of the case necessarily disposes of the intervention and prevents our considering the issues therein presented. The rights of the intervenors, whatever they may be, will however be reserved.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed; and, proceeding to render such judgment as that court should have rendered, it is now ordered, adjudged and decreed that the exception of no cause of action filed in said court be sustained and the suit dismissed, plaintiff to pay costs of both courts, without prejudice to the rights of the intervenors to prosecute their demands by the proper proceedings—they to pay the costs of their intervention.