(113 So. 456)

No. 28072.

**MORRISON v. MIOTON et al.**

May 23, 1927.

*(Syllabus by Editorial Staff.)*

**1. Pleading ☞228—Exception of no cause of action is determined by petition construed with documents attached thereto.**

Exception of no cause of action must be determined by averments of petition, construed with recitals of documents thereto annexed and made part thereof.

**2. Vendor and purchaser ☞21—Sales; binding contract arose from offer to purchase, followed by vendor's written authority to broker to accept offer and agent's acceptance, evidenced by receipt for deposit.**

Offer of purchase of property, which vendor in writing authorized broker to accept, ripened into binding contract giving purchaser cause of action for specific performance, on acceptance by agent of offer and deposit, in accordance with terms of offer, where acceptance was evidenced by receipt describing property and stating price.

**3. Brokers ☞94—Broker's written acceptance of offer to purchase held binding, though not in same form as written authorization by vendor.**

Acceptance by broker of offer to purchase property *held* binding, though not in same form as authority given him by vendor, where purchaser's offer was accepted by broker in writing.

**4. Brokers ☞94—Broker, under written authorization to accept offer of purchase, need only indicate to offeror in writing that offer is accepted.**

Broker, authorized in writing to accept offer of purchase, need only indicate to offeror in writing that offer has been duly accepted; no particular form of acceptance being required.

**5. Brokers ☞103—Letter of vendor's attorneys, requiring arrangements for loan and acceptance of title within specified time, held ratification of broker's act in accepting offer to purchase.**

Written declaration in letter by vendor's attorneys, requiring purchaser to arrange loan and to accept title within 30 days, *held* ratification of broker's act in accepting offer to

purchase, assuming such act had not been authorized.

**6. Contracts ☞10(5)—Contract for sale of land under which purchaser was to arrange for loan held not void as containing potestative condition (Civ. Code, arts. 1901, 2024, 2463.)**

Contract for sale of land, waiving benefit of Civ. Code, art. 2463, by which contract purchaser was to apply for loan to obtain money required for purchase price, *held* not void as containing potestative condition under article 2024; agreement constituting law between parties and to be performed in good faith under article 1901.

**7. Contracts ☞303(4)—Condition of contract is considered fulfilled, when performance is prevented by party whose obligation depends thereon (Civ. Code, art. 2022 et seq.; art. 2040).**

Condition of contract is considered fulfilled under Civ. Code, art. 2040, when party whose obligation depends on condition prevents its fulfillment, in view of article 2022 et seq.

**8. Vendor and purchaser ☞79—Sales; tender of purchase price within time stipulated held fulfillment of condition inserted for purchaser's benefit, requiring arrangement for loan (Civ. Code, art. 2022 et seq.; art. 2040).**

Condition in contract for sale of land, requiring purchaser to arrange for homestead loan, inserted for purchaser's benefit to enable him to pay purchase price, must be considered as fulfilled under Civ. Code, art. 2040, and article 2022 et seq., where purchaser waived and in effect prevented condition by acceptance of title and tender within time stipulated of purchase price without assistance of loan.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by Frank L. Morrison against Mrs. Katherine Richard Mioton and others. Judgment for defendants on the maintaining of their exception of no cause of action, and plaintiff appeals. Judgment set aside, exception of no cause of action overruled, and case remanded.

Raymond Gauche and M'Caleb & M'Caleb, all of New Orleans, for appellant.

Borah, Himel, Bloch & Borah, of Franklin, for appellees.

ROGERS, J. Plaintiff brought this suit to enforce specific performance of an agreement of sale of certain real estate situated in the city of New Orleans. Defendants filed an exception of no cause of action, which was maintained, and plaintiff appealed.

The agreement in question resulted from an offer of purchase made by plaintiff to S. Blasini, a real estate agent of the city of New Orleans, as agent of defendants. The consideration stipulated in the offer was $9,000 to be paid in cash, "subject to homestead loan to be granted by Orleans Homestead Association." The proposer agreed that, as soon as the acceptance of his offer was authorized in writing by the owner, he would deposit with the said agent $900 on account of the purchase price. It was also set forth in the proposal that the benefit of Civ. Code, art. 2463, was to be waived, and that neither party should have the right to recede from the contract by forfeiture of the deposit by the one, or by the return of double the deposit by the other. Appended to the offer, dated the same day, appears the following:

"I hereby authorize S. Blasini, to accept the above offer, under the terms and conditions therein specified, and agree to pay him 5% commission thereon.

    "O. K. [Signed]    Katherine R. Mioton.
      "[Signed]    F. S. Mioton.
      "[Signed]    Katherine R. Mioton."

The property which is the subject of the present controversy is owned by defendant Katherine R. Mioton, individually; her husband and codefendant, having no interest therein, his signature having been affixed to the contract at the request of the agent in the belief that his authorization was necessary to validate the act of his wife.

Plaintiff was immediately notified by Blasini of the acceptance of his offer, and promptly deposited $900 in cash with said agent, from whom he received the following acknowledgment, viz.:

"New Orleans, October 17, 1925.

"Received from Mr. F. L. Morrison, nine hundred dollars to bind the sale of property 2 arpents by 21 deep on Gentilly Road near First Crossing, as per titles, which was sold this day for the sum of nine thousand 00/100 dollars. $900.00.        [Signed] S. Blasini."

On October 23, 1925, the owner of the property, through her attorneys, addressed a letter to Blasini, in which she advised him that, unless the prospective purchaser arranged for the homestead loan referred to in the contract within 10 days, and examined and accepted title within 30 days from said date, she would "declare the contract off," and adding:

"This letter is intended for Mr. Morrison, through you, as notice that these conditions must be complied with or the contract will be forfeited.

"We are inclosing Mrs. Mioton's titles to the property in order that you can start to examine them."

On October 30, 1925, plaintiff, through his attorney, acknowledged receipt of the foregoing letter, advised defendant's attorneys that the title was being examined, that he would pay cash without the assistance of the homestead association, and that the act of sale would be executed before Charbonnet, notary, within 30 days of the date specified.

On November 4, 1925, defendant was notified to call at the notary's office to sign the act of sale, but, on the day following, through her attorney, she notified the notary and plaintiff's attorney that she declined to do so. On November 16, 1925, a legal tender of the purchase price was made by the plaintiff, but defendant refused to accept it and to execute the act of sale. The present suit was then brought.

All of the foregoing facts are set forth in the petition, to which is annexed as part thereof the offer to purchase, the authorization of the owner to the agent to accept the offer, the receipt of the agent, the letters of the attorneys for the respective parties, the letter of the notary, copies of the titles and of

the notarial act evidencing the tender and refusal of the purchase price, and the failure of the vendor to execute the deed of sale.

The exception of no cause of action was filed on the theory entertained originally by defendants that the clause in the contract reading, "Terms cash; subject to homestead loan to be granted by the Orleans Homestead Ass'n," was a potestative condition and null. The court below refused to subscribe to this theory and overruled the exception in limine. The defendants then answered, and, when the case was called for trial on the merits, renewed their exception on the further ground that there was no agreement between the parties for lack of acceptance by the prospective vendor or by her authorized agent. The court below found this contention to be sound and maintained the exception, dismissing the suit.

Appellee, Mrs. Mioton, has answered the appeal, suggesting error in the action of the court below in overruling her exception in limine, and asking that the judgment appealed from be amended by decreeing that the alleged agreement of sale contains a potestative condition, and that as thus amended the said judgment be affirmed.

The questions presented for our consideration, therefore, are: (1) Is there a binding contract between the parties resulting from the acceptance by the vendor of the offer of the vendee? And (2) if accepted, is the agreement null because it contains a potestative condition?

[1] In considering the first question referred to, it should be borne in mind that an exception of no cause of action must be determined by the averments of the petition, construed with the recitals of the documents thereto annexed and made part thereof. Levy v. Roos, 32 La. Ann. 1029; In re Scarborough, 43 La. Ann. 315, 8 So. 940; Atkins v. Dixie Fair Co., 135 La. 622, 65 So. 762.

[2] Applying this rule of construction to plaintiff's petition, we are forced to the conclusion that the court below erred in sustaining the exception.

An inspection of the documents accompanying the petition discloses that the offer of plaintiff specifically provides that, "as soon as the acceptance of this offer is herewith authorized by the owner, in writing, I will deposit with you" (Blasini, the agent of the owner) "$900, noninterest bearing, on account of purchase price" ; that the proposition was accepted by the owner in these words, viz. "I hereby authorize S. Blasini to accept the above offer, under the terms and conditions therein specified, and agree to pay him 5 per cent. commission thereon" ; and that S. Blasini acted under the authority thus conferred upon him by acknowledging in writing that the sale of the property described in the offer was made for $9,000, and receiving and receipting for $900 on account of the purchase price.

[3-5] It was not necessary that the acceptance of Blasini should have been in the same form as Mrs. Mioton's authority to him to do so. All that he was required to do in order to effectuate his mandate was to indicate in writing to the proposer that his offer was accepted. We think he did this in his acknowledgment of the receipt of $900 on account of the purchase price. At no time prior to the filing of the suit was the authority of her agent revoked, or even questioned, by Mrs. Mioton. On the contrary, in her written declaration, made through her attorneys, requiring plaintiff to arrange the homestead loan within ten days, and to accept title within thirty days, and the delivery of her titles to plaintiff, she clearly ratified and confirmed, conceding that such action was necessary, the agreement of sale.

[6] In so far as the second question which we are called upon to consider is concerned, our conclusion is that the court below correctly held that the contract does not contain a potestative condition.

Whatever may be the nature of the obligation imposed by the contract upon plaintiff, it is clearly not potestative, since its execution does not depend solely upon his will. Civ. Code, art. 2024. The agreement is the law between the parties, and must be performed in good faith. Civ. Code, art. 1901. Plaintiff's inescapable duty, under the plain terms of the contract was to apply to the Orleans Homestead Association for a loan in order to obtain the money required for the purchase of the property. Favorable action by the association on such application would have fixed absolutely upon plaintiff the obligation to take the property and pay the price. On the other hand, his failure or neglect to make the application would have been a breach of the contract, entitling his obligee to the appropriate relief. Moreover, the condition must be considered as having been fulfilled.

Civ. Code, art. 2040, reads:

"The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it."

It is difficult to attach any precise meaning to the rule as it is literally set forth in the text of the codal article. As pointed out in Steppach v. S. E. Worms & Co., 7 Ct. App. (Orleans) 216. by Judge St. Paul (now of this court), article 2040 must be read in the light of the French text of article 2035 of the Code of 1825, taken from article 1178 of the Code Napoleon. This text reads, "bound under condition," and not "bound to perform it" (the condition), as it appears in the English text, which on its face shows error in the translation. No one can be bound to perform the condition of his own obligation (Civ. Code art. 2022 et seq.). An obligation with a condition obligatory upon the one bound would be absolute immediately.

[7] The obvious meaning of article 2040, as thus interpreted, is that the condition is considered as fulfilled when the party whose obligation depends on the condition prevents its fulfillment. In this connection see Rightor v. Aleman, 4 Rob. 45, and Kock v. Emmerling, 63 U. S. (22 How.) 74, 16 L. Ed. 292.

[8] The condition was inserted in the contract solely for the benefit of the prospective vendee, who was unwilling to bind himself unless he was able to secure the purchase price. The prospective vendor was without interest except to obtain that price in cash. When the prospective vendee, in compliance with the demand of the prospective vendor that he arrange for the loan within 10 days and accept title within 30 days, declared, in writing, that without the assistance of the homestead association he would pay cash, and actually tendered the cash and accepted the title well within the delay stipulated, the obligation to apply for the homestead loan was waived, and in effect prevented, by the vendee himself, and that condition of the contract must be considered as having been fulfilled.

For the reasons assigned, the judgment appealed from is set aside, the exception of no cause of action is overruled, and this case is remanded to the court below for further proceedings according to law; costs of this appeal to be paid by appellee, and all other costs to await the final judgment in the case.