GAIRENS ET UX. v. VALENTI ET AL.

---

(June 8, 1931. Opinion and Decree.)
(July 1, 1931. Rehearing Refused.)

---

Daly & Hamlin and Jules A. Grasser, of New Orleans, attorneys for plaintiffs, appellees.

Richard A. Dowling, of San Antonio, Texas, and William R. Kinsella, of New Orleans, attorneys for defendants, appellants.

JANVIER, J. Defendant Blache is a real estate agent. Plaintiffs, who, at the time, were husband and wife, became attracted to certain real estate listed with Blache for sale and, through the said agent, made written offer therefor. In connection with the said offer they deposited the sum of $380. The offer contained a condition that it was contingent upon the granting by the Suburban Building & Loan Association of a loan amounting to 80 per cent of the purchase price. The homestead association named in the offer refused to make the said loan. The sale was not consummated and plaintiffs now seek the return of the deposit.

The owner of the property disclaims any interest in the deposit, but the real estate agent asserts that he is entitled to a commission for his service in negotiating the contract and he offers to return the balance of the 'deposit only after deducting therefrom the commission which he claims he has earned as well as a fee for his attorney.

He claims that he is entitled to the commission by reason of the fact that, though the homestead association named in the contract refused to make the loan, another association agreed to do so and he argues from this that plaintiffs' refusal to accept the property is not justifiable.

On behalf of the agent it is argued that the view of the trial judge that the contract contained a potestative condition was erroneous, and our attention is called to the case of Morrison v. Mioton, 163 La. 1065, 113 So. 456, in which the Supreme Court held that where a particular homestead was specified the condition was not potestative. We do not see, however, that there is involved here any question of whether or not the agreement to sell contained a potestative condition. Plaintiffs, for reasons best known to themselves, were willing to take the property if, and only if, the particular homestead association named should indicate its willingness to make a loan thereon for 80 per cent of the purchase price.

It may be that plaintiffs were acquainted with the appraisers of that association and that they selected it because they felt that if those appraisers placed on the property a valuation sufficient to permit of a loan of 80 per cent of $3,800, they could rest assured that the price offered was proper.

It may be that they knew the officers of that association and were pleased with their methods of doing business but, whatever their reasons, they were within their rights in stipulating that they would purchase only on condition that that association would make the loan.

When that association refused to make the loan, so far as they were concerned the contract, by its own terms, was canceled and it cannot be said that plaintiffs were in any way in default in refusing to accept the title.

It is true that the contract contained the provision that the real estate agent should be entitled to his commission "as soon as both parties have affixed their signatures to said contract in acceptance." but, it is also true, that the contract stipulated that the said commission should be due by plaintiffs only if they should fail to comply with said offer. They did not fail to comply with the said offer but compliance therewith was made impossible by reason of the fact that the condition that the Suburban Building & Loan Association should make the loan was never fulfilled.

The judgment of the trial court which ordered the return of the deposit was correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.