In an original and amended petition, Mrs. Dan H. Johnson sued Frank Graham, a real estate agent, the Central Surety and Insurance Corporation, as bondsman of Frank Graham, and J.H. Vise, asking for judgment, in solido, for $1,000, being the amount deposited by Vise with Graham as earnest money in connection with his offer to purchase plaintiff's house and lot located at Municipal Number 533 Vine Street in the City of Shreveport, Louisiana.
The petitions set forth that the prospective purchaser deposited with defendant Graham $1,000 as earnest money and that notwithstanding plaintiff's readiness and willingness to carry out her part of the contract, and notwithstanding the fact that defendant and prospective purchaser Vise and his family had moved into plaintiff's premises, defendant Graham wrongfully returned the $1,000 earnest money to defendant Vise; that the defendant Vise, though informed that plaintiff desired to complete *Page 279 
the contract and would herself make the loan to Vise (which was the only impediment contained in the contract to prevent immediate performance by Vise), failed and refused to comply with his obligations under the contract and received back the $1,000 from defendant Graham either in cash or by having same credited on the purchase of another house and lot.
The District Court sustained an exception of no cause or right of action as to all defendants and plaintiff has appealed.
The contract upon which the suit is based is letter-type in form, addressed to the defendant Graham and signed by plaintiff as owner and by defendant, J.H. Vise, as purchaser. Included in the contract are the following three paragraphs:
"For the above described property I offer to pay the total consideration of eleven thousand, one hundred and no/100 dollars ($11,100.00) all cash, subject to my ability to secure a loan on the above described property in the amount of seven thousand, one hundred and no/100 dollars ($7,100.00).
"I am to be given possession of said property not later than December 5, 1946.
"I hand you my check in the amount of $1000.00 as earnest money and to show my good faith. You are to cash this check and hold the funds pending the consummation of this transaction at which time, said funds shall be applied to the purchase price of this property."
The amended petition set forth that the loan referred to (in the above quoted paragraphs) was contemplated by the parties to be one "on the usual terms and conditions for what is known as FHA loans customarily obtained in the City of Shreveport, Louisiana for the financing of similar property, but did not require or contemplate said loan be made by any particular individual, partnership or corporation."
The petitioner further set forth that Vise and his family moved into plaintiff's house and in good faith applied for the loan and that after the Federal Housing Authority had approved the loan for the sum of only $6,000 instead of the $7,100 applied for, plaintiff offered in a letter to Vise by registered mail to finance the loan herself in the amount of $7,100 "in exact accordance with the terms and at the same interest as contained in the application of said Vise to the Federal Housing Authority as aforesaid and as contemplated in said contract."
The original contract to sell was dated November 18, 1946. The supplemental petition sets forth that on January 3, 1947, defendant Graham wrote to Vise informing him that the application had been approved only to the extent of $6,000 and asking him if he desired to pay $5,100 cash instead of $4,000 and that defendant Graham on the same day wrote plaintiff asking her in the event Vise did not want to put up the additional $1,100, if she would carry a second mortgage for that amount.
This petition further sets forth that on January 6th defendant Graham wrote plaintiff that Vise would "close the deal" if she would accept the second mortgage for $1,100. Two days later, defendant Graham sent a day letter telegram to plaintiff saying that Vise would not pay over $10,000; that plaintiff received the January 6th letter and the January 8th telegram on the same day at her temporary residence in Fort Smith, Arkansas; that on the night of January 8th she telephoned Mr. W.S. Cochran of Bossier City and requested him to contact defendant Graham and "find out what the conflicting messages really meant;" that on the morning of January 9th, Graham promised Cochran that he would "reinterview the said Vise in an effort to complete the transaction, and report back to the said Cochran;" that on January 10th defendant Graham informed Cochran that Vise did not desire to purchase the property and that Graham had returned the $1,000 earnest money; that on the same date Cochran telephoned Vise, who was at the time living and residing in plaintiff's property which he was under contract to purchase, and was informed by Vise that defendant Graham had sold Vise another house in the City of Shreveport; that on January 13th plaintiff received at Fort Smith, Arkansas a letter from defendant Graham stating that he had returned the earnest money; that on January 21st plaintiff, after vainly attempting to persuade Vise to comply with the contract, "put the *Page 280 
said Vise in default according to law by mailing to him by registered mail in words and figures as follows, to-wit:
" 'I demand that you comply with our Contract of November 18th, 1946, by coming to the office of Richard H. Switzer, Notary Public, 914 Giddens-Lane Building, Shreveport, at 3 P.M. Friday, January 24th, for the purpose of completing the sale and purchase of the property described in said contract. You should bring with you the sum of $4,000.00 and the loan in the amount of $7,100.00 will be taken care of by me, the terms, interest, payments, etc. to be in accordance with your application to the F.H.A.' "
The District Court gave written reasons for his judgment sustaining the exception of no cause or right of action. He was of the opinion that when the application made by Vise for a $7,100 loan resulted in its approval for only $6,000 that the contract was at an end and defendant Vise was entitled to the return of his money and that plaintiff's offer above quoted to sell the property for $4,000 cash and carry the mortgage herself for $7,100 was an entirely new offer which the defendant did not have to accept and did not accept.
The learned District Judge in a written opinion denying application for rehearing, clarified his original memorandum by stating that the Court "held that the purchaser agreed to pay the seller $11,000.00 ALL cash for the property, provided the FHA, or other lending agency, would grant a loan of $7,100.00 on the property, and the failure of such agency to lend that amount, ended the contract, as the petition fails to show that any such loan on the property could be obtained. Hence the contract was at an end. The securing of a loan on property from a third person is not the same as the seller carrying the unpaid purchase price as a mortgage on the property."
[1, 2] We do not agree with the action of the District Court in sustaining the exception of no cause of action. The exception of no cause of action must be considered in the light of the averments of the petition and construed with the recitals of the documents made a part thereof. The only condition that kept it from being a plain and final contract was that the purchase was "subject to my ability to secure a loan on the above described property in the amount of $7,100.00." This type of provision has been held by the Supreme Court as not being at potestative condition under Article 2024
of the Civil Code. Morrison v. Mioton et al., 163 La. 1065,113 So. 456.
[3] The attorneys for defendants have argued that since the amended petition sets forth that the loan was to have been made on the usual terms and conditions of an FHA loan, the turning down of the application by that agency had the effect of ending the contract. Paragraph three of the amended petition stated that the loan contemplated by the parties was to be made on the usual terms and conditions of FHA loans prevailing in the city of Shreveport for the financing of similar property, but did not state that the proviso in the contract applied exclusively to an FHA loan. It has been held by the Supreme Court of Louisiana that if a petition sets forth a state of facts consistent with a cause of action, same will not be dismissed on exception of no cause of action because the language of the petition may also be interpreted to include a state of facts inconsistent with a cause of action. West v. Ray, 210 La. 25,26 So.2d 221.
[4, 5] The proviso that the contract was subject to the purchaser's ability to secure a loan did not name any specific loan agency. The prospective purchaser, under the terms of the agreement, was living in the house he had agreed to purchase. The contract set no time limit in which the loan must be obtained, so that a fair interpretation of the contract attached to the petition and signed by the parties would be that the contract would be enforceable provided the purchaser could secure the $7,100 loan on usual terms and conditions and within a reasonable time. To maintain the exception of no cause of action on the ground that the purchaser's inability to secure the contemplated loan had ended the contract, it would be necessary for the petition and annexed document to show that the purchaser had not secured the loan in the amount of $7,100 on the property and that *Page 281 
same could not be secured in a reasonable time. We think that since the petition has set up that the owner herself had agreed to accept the purchaser's $7,100 mortgage note, the facts alleged show a removal of the only impediment to the completion of the contract to purchase and therefore sets forth a cause of action.
The judgment appealed from is set aside. The exception of no cause or right of action is overruled and the case is remanded to the District Court for further proceedings in accordance with law. Costs, of appeal to be paid by appellees; other costs to await the final outcome of the case.