This is a suit in which plaintiff seeks judgment in solido against the defendants, Graham, a real estate broker; the Central Surety Insurance Corporation, his bondsman, and J. H. Vise, in the sum of $1,000, the amount deposited by defendant, Vise, with defendant, Graham, as earnest money on an agreement to purchase certain residential property in the City of Shreveport owned by defendant.
This matter came before this Court on appeal from judgments sustaining exceptions *Page 501 
of no cause or right of action, and was remanded from trial on the merits. The facts at issue are set forth in our opinion. See Johnson v. Graham, La. App., 35 So.2d 278.
After trial on the merits there was judgment in favor of defendant rejecting plaintiff's demands, from which judgment plaintiff brings this appeal. The question here relied upon by counsel for plaintiff is plainly stated in briefs of said counsel before this Court, as follows: "Can defendants prove, by parol evidence, a suspensive condition which, if proven, would destroy a contract to sell real estate?"
We agree with learned counsel in the conclusion that the answer to the above stated question determines the issue presented.
Reference to the written agreement between the parties, plaintiff as seller and Vise as purchaser, which agreement was prepared by the defendant, Graham, as plaintiff's agent and broker in the transaction, discloses certain essential obligations of the purchaser, Vise, in the following words: "For the above described property I offer to pay the total consideration of Eleven Thousand, One Hundred and No/100 Dollars ($11,100.00) all cash, subject to my ability to securea loan on the above described property in the amount of SevenThousand, One Hundred and No/100 Dollars ($7,100.00)." (Emphasis by the Court.)
The above quotation constitutes the suspensive condition which is the crux of the case.
The purchaser, Vise, deposited the sum of $1,000 as earnest money with the broker, Graham.
The pertinent facts as adduced on trial of this case show that almost immediately after the execution of the agreement on November 18, 1946, Vise made application for an F.H.A. loan in the sum of $7,100. In response to the application a commitment was made by a proper F.H.A. lending agency of a maximum loan of $6,000. Vise, unable or unwilling, it matters not which, to put up more than $4,000 in cash, being unable to procure an F.H.A. loan commitment of more than $6,000, considered the agreement terminated, demanded the return of the sum of $1,000 deposited as earnest money and received the return thereof from the broker, Graham, on or about the 8th day of January, 1947. These incidents, that is, the notification as to the amount of the loan, the demand for and the return of the earnest money, took place within a brief period of time between January 3rd and January 8th, 1947. Plaintiff, upon receiving information as to the above matters, together with suggestions as to counter propositions made by her broker, Graham, which, however, are not established as having been authorized by the purchaser, Vise, requested the intervention and assistance of a friend, Mr. W. S. Cochran, who in her behalf contacted Graham once or twice, the first time being on January 9, 1947. Finally, by registered letter of January 21, 1947, plaintiff, through her attorney, made demand upon Vise to comply with the contract of November 18th, by appearing in the office of her attorney in Shreveport at a time designated on January 24th, for the purpose of completing the sale by payment of $4,000 cash and a loan of $7,100 to be made by plaintiff, the terms, interest, payments, etc., to be in accordance with Vise's application to the F.H.A. Vise failed to respond to the demand and this suit was instituted.
We readily concede the contention advanced on behalf of plaintiff that a written agreement regarding the sale of real estate cannot be "altered, varied, contradicted, enlarged, diminished or changed in any way by parol evidence".
We further concede, as is further contended, that the contract itself does not designate any specific lending agency from which the parties required the loan to be procured.
Despite these concessions it appears clear to us, by reference to the contract itself, that at the time of the execution thereof it was not in the contemplation of the parties that the consideration of $11,100 was to be paid $4,000 cash and $7,100 in a vendor's lien note. The contract definitely provided that the consideration was to be paid"all cash". Accordingly, in the light of this provision, we think the conclusion *Page 502 
is inescapable that neither of the parties at the time had any intention whatsoever of carrying out the financing of the agreement wholly between seller and purchaser.
It logically follows that as the parties contemplated the procuring of a loan by the purchaser from a source other than the seller, parol evidence would be admissible on this point, not in any sense for the purpose of altering or varying the contract, but solely for the purpose of explaining and amplifying the understanding of the parties themselves. In this sense the parol evidence offered and received was clearly admissible. Gulf Refining Company v. Garrett, 209 La. 674,25 So.2d 329, on rehearing, 25 So.2d at page 339 and authorities there cited.
Without some clarification and explanation of the suspensive condition incorporated in the agreement there would be no means nor method for an interpretation of the contract.
Continuing with a discussion of the implications in the question presented we observe that the plaintiff's objection to parol evidence is based upon the ground that the proving by this means of a suspensive condition would destroy the contract to sell real estate. We do not think that such a conclusion is tenable. It was not the parol evidence which served to destroy the contract but rather it was the inability of one of the parties to meet and fulfill the suspensive condition which was made, by consent and agreement, an integral part of the contract itself. The purpose of the parol evidence admitted in this case gives pointed illustration to the vast distinction between the rules of evidence, one of which prohibits the introduction of parol evidence to destroy, among other purposes, a contract, and the other which permits the introduction of parol evidence for the purpose of explaining an ambiguity.
Further substantiation of the justification of the admission of parol evidence in the instant case is found in the fact that testimony on the point clearly establishes a meeting of the minds of the parties to the agreement to the effect that both of them contemplated the negotiation of an F.H.A. loan by the purchaser. While it is true that Mrs. Johnson testified that it was only after the formal execution of the agreement that she was informed as to the fact that Vise intended the use of the term "loan" to mean an F.H.A. loan, there is no question as to the fact, implicit in the testimony of plaintiff herself, that she proceeded in accordance with such an understanding. This conclusion is further borne out in the final written demand of plaintiff upon the defendant, Vise, in which, for the first time, she offered to take care of the loan in the amount of $7,100 "in accordance with your application to the F.H.A."
In our opinion there is no showing of any breach of contract in the instant case. The agreement was terminated, in accordance with the conditions thereof, as and when the defendant, Vise, failed to procure an F.H.A. loan in the sum of $7,100. The only manner in which plaintiff could have combatted and overcome this circumstance, which effectively terminated the contract, would have been by showing that such a loan could have been secured. No effort was made along this line and it is to be presumed that such a showing could not be made.
Further pursuing this point it is worthy of comment to note that plaintiff did not show nor did she attempt to show that the purchaser could have procured from any source a loan of $7,100 on the property in question. The fact that she eventually offered to make such a loan as a last resort some time after the agreement had been terminated and the earnest money refunded, is beside the point since it is clearly outside of and beyond the provisions and obligations of the contract.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
 On Motion for Rehearing.