61 So.2d 618 (1952)
SLACK
v.
MUNSON et al.
No. 3590.
Court of Appeal of Louisiana, First Circuit.
November 14, 1952.
Rehearing Denied December 18, 1952.
Writ of Certiorari Denied January 9, 1953.
Franz Joseph Baddock, Baton Rouge, for appellant.
Durrett & Hardin and Wallace A. Hunter, Baton Rouge, for appellees.
DORÉ, Judge.
This suit arises from an agreement to buy and sell a parcel of real estate between the plaintiff Slack as purchaser and the defendant Hirschey as seller, the other defendant Munson, being the real estate agent handling the transaction. The purchase price agreed upon was $14,900 in cash and the sum of $500 was deposited by plaintiff with defendant Munson. The agreement of purchase contained the provision that if the plaintiff was unable to obtain a $10,000 loan on the property sought to be purchased, the contract could be called null and void by either party. That provision is in the following language:
"If unable to obtain $10,000.00 loan on this property, this contract may be called null and void by either party."
In this suit the plaintiff seeks to have the agreement declared null and void and to have the defendants return to him the $500 deposited with defendant Munson. He alleges first, that the stipulation with reference to obtaining the $10,000 loan on the property is a potestative statement which nullifies the contract and in the alternative that he was unable to obtain a loan of $10,000 on the property in spite of a reasonable *619 effort on his part to do so and that therefore he has the right under the stipulation to call the contract null and void.
The defendant Munson tendered the $500 deposited with him to the Clerk of Court and thereby on agreement of the plaintiff Slack and the defendant Hirschey eliminated himself from this litigation and the matter then became a suit between Slack as plaintiff and Hirschey, the property owner, as defendant. The defendant pleaded that the stipulation on which plaintiff relies was not a potestative condition and further that the plaintiff had failed to show that he was unable to obtain a $10,000 loan on the property; that therefore plaintiff had defaulted a valid agreement. Defendant further shows that in order to mitigate the damages caused by plaintiff's default, the defendant was forced to sell the property at a smaller purchase price and he now claims the difference between the purchase price offered by plaintiff and the price obtained, plus a reasonable attorneys fee, loss of interest and insurance, totaling $1,180.50 as damages resulting from plaintiff's breach of the contract.
In his written reasons for judgment, the trial judge correctly concluded that the provision making the sale contingent on obtaining a $10,000 loan on the property was not a potestative condition, citing Morrison v. Mioton, 163 La. 1065, 113 So. 456, Guice & Co. v. Perkowski, La.App., 12 So. 2d 692, Weingart v. Delgado, 204 La. 752, 16 So.2d 254, 255, Harvey v. Riedeinger, La.App., 17 So.2d 60, Savich v. Ruiz, La. App., 32 So.2d 415, Johnson v. Graham, La. App., 35 So.2d 278 and La.App., 40 So.2d 500.
On the alternative plea the trial court came to the conclusion of fact from the evidence that the plaintiff had failed in spite of reasonable effort to obtain a $10,000 loan of the type contemplated by the agreement and therefore rendered judgment in favor of plaintiff and against the defendant Hirschey in the sum of $500 without interest, and for all costs.
The defendant has appealed. The plaintiff answered the appeal praying that the judgment be amended by allowing legal interest from judicial demand on the $500 deposit, or in the alternative, that it be affirmed.
The main question before us is whether or not the trial judge erred in his conclusion of fact that plaintiff was unable to make the loan contemplated.
As brought out by the trial judge in his written reasons for judgment, the evidence shows that the plaintiff just prior to entering into the purchase agreement, contacted a Mr. Bowlus, who represented several insurance companies, and that Mr. Bowlus practically assured him that a $10,000 loan covering a period of fifteen to twenty years at four and one-half per cent interest could be negotiated with one of these insurance companies. It is obvious that the agreement of purchase was signed by the plaintiff because of the representation made to him by Mr. Bowlus and with the knowledge of the defendant or his agent and we feel, like the trial judge, that the plan and understanding inferentially became an integral part of the contract. Weingart v. Delgado, 204 La. 752, 16 So. 2d 254.
Subsequently, as shown by the testimony, it developed that Mr. Bowlus was unable to secure a commitment from his insurance company for a loan of more than $9,000 on a first mortgage covering the property. Bowlus testified that from other sources he could have obtained an additional $1,000 on a second mortgage covering this property at a higher rate of interest over a short period of time, which would have necessitated the making of payments by plaintiff concurrently on the first and second mortgages. It is clear that this was not the loan contemplated by the purchase agreement.
In order to fulfill his obligations in good faith under the provisions of this contract, the plaintiff was required to make a reasonable effort to obtain a loan similar to the one contemplated to Mr. Bowlus and it is shown by the evidence that he did not cease his efforts to secure such a loan. When the transaction with Mr. Bowlus failed, he immediately obtained a Certificate of Eligibility from the Veterans' Administration *620 to borrow under the Servicemen's Readjustment Act, 38 U.S.C.A. § 693 et seq., and expended the sum of $25 to have the property appraised and to process his application for a Veterans' Administration arrangement. The gross appraisement under that application was less than the total purchase price and for that reason under the rules and regulations of the Veterans' Administration the loan could not be approved in any amount.
Thereafter, the plaintiff proposed to defendant Hirschey that the plaintiff would take the Bowlus first mortgage loan for $9,000 if Hirschey would accept from him a station wagon automobile for $1,000 to make up the difference. As pointed out by the trial judge, there was no obligation on the part of Mr. Hirschey to accept this substitute arrangement, but the suggestion on the part of plaintiff does evidence his interest and good faith.
From the testimony it seems apparent that the plaintiff was anxious to buy the property and the defendant was anxious to sell him the property at the agreed price, but clearly with the understanding that he would make a loan as suggested by Mr. Bowlus, either through Mr. Bowlus or through some other source and that in spite of a sincere effort to do so he was unsuccessful. It stands to reason that the defendant was fully aware that the deal could not be completed unless such a loan could be negotiated and that if he, the defendant, had known of a source by which it could be negotiated, for his own interest, he would have assisted plaintiff in obtaining such a loan.
The defendant contends that the language of the stipulation with reference to making a $10,000 loan is in general terms and that therefore the intendment thereof was a loan regardless of interest rate or time of payment. We cannot agree with that contention for the reason, as stated before, the type of loan sought was known to both parties and therefore formed an integral part of the agreement and since good faith on the part of plaintiff has been shown to no avail, the agreement became null and void and the plaintiff then was entitled to a refund of his $500 deposit. See Savich v. Ruiz, La.App., 32 So.2d 415; Johnson v. Graham, La.App., 40 So.2d 500.
The only further question to consider is whether or not the plaintiff is entitled to legal interest from date of judicial demand as prayed for in his original petition and in his answer to the appeal herein. Under the provisions of Article 1938 of the LSA-Civil Code, "All debts shall bear interest at the rate of five per centum per annum from the time they became due, unless otherwise stipulated." See Rossignol v. Morgan & Jacobs, Inc., 191 La.App. 462, 185 So. 883. In the instant case it seems clear that the debt became due at least at the time of judicial demand and should therefore be allowed from that date.
For the reasons herein set forth, the judgment of the lower court is amended by allowing interest at the rate of five percentum per annum from date of judicial demand and as thus amended, is affirmed.