100 So.2d 307 (1958)
R. D. WILLIAMS, Plaintiff-Appellee,
v.
Alton CORMIER, Defendant-Appellant.
No. 4559.
Court of Appeal of Louisiana, First Circuit.
February 3, 1958.
*308 Kaufman, Anderson, Leithead & Scott, Lake Charles, for appellant.
W. E. Bond, Lake Charles, for appellee.
TATE, Judge.
Defendant Cormier appeals from judgment holding him liable for a real estate broker's commission in the amount of $600.
On August 13, 1955, Cormier executed an agreement to sell certain residential property owned by him in Lake Charles to Ben Teer for the sum of $12,600, subject to Teer's being able to secure an FHA loan for the balance of $10,500, needed by him to pay the agreed purchase price. This prospective purchaser had been procured by a real estate agency operated by plaintiff-appellee's wife, which had been engaged by Cormier for this purpose with the agreed agency commission to be all sums in excess of a gross selling price of $12,000.
We think the District Court correctly held Cormier liable under the circumstances of this case.
The clause conditioning Teer's obligation to purchase the property upon his ability to secure a loan is not, as ably argued by counsel for defendant-appellant, a potestative condition dependent solely upon the will of the prospective purchaser such as renders null the agreement to buy and to sell executed by Cormier and Teer, see LSA-C.C. Arts. 2024, 2035; rather, this clause imposes a duty upon the prospective purchaser to make good faith application for the type of loan described, upon approval of which, his obligation to take the property and to pay the agreed *309 price is absolutely fixed. LSA-C.C. Arts. 2021, 2025, 2035; Weingart v. Delgado, 204 La. 752, 16 So.2d 254; Morrison v. Mioton, 163 La. 1065, 113 So. 456; Slack v. Munson, La.App. 1 Cir., 61 So.2d 618; Johnson v. Graham, La.App. 2 Cir., 35 So.2d 278; Schroeder v. Morris, La.App. Orleans, 20 So.2d 437; Guice & Co. v. Perkowski, La.App. Orleans, 12 So.2d 692.
The evidence shows that promptly upon execution of the agreement to purchase the property Teer made application for an FHA loan, action upon which he asked to be withheld only when, subsequently, he learned that Cormier was in the process of selling the property to another purchaser despite his prior contract to sell the property to Teer.
We likewise do not find erroneous the trial court's refusal to accept the testimony of Cormier and his wife, contradicted by plaintiff's witnesses, that he had been induced to sign the agreement to sell his property upon the misrepresentation that the sum of $2,100 in cash would be deposited by the prospective purchaser within four days after execution of the agreement, rather than merely the amount of $100 set forth by the terms of the agreement executed by Teer and Cormier. This testimony falls short of the exceptionally strong proof required to establish fraud, in default of which Cormier's parol evidence cannot vary the terms of the written instrument by which he agreed to accept a cash deposit of only $100 in connection with his agreement to sell the property. LSA-C.C. Art. 2276; cf., American Guaranty Co. v. Sunset Realty & Planting Co., 208 La. 772, 23 So.2d 409; Accounts Supervision Co. v. Atley, La.App. 1 Cir., 89 So.2d 508.
The record reflects that Cormier raised the question of an alleged agreement to have Teer deposit an additional amount only after he had already secured another purchaser, who was already moving into the house. Immediately after Cormier first raised this issue, plaintiff's wife on August 23, 1955 recorded in the parish conveyance records Cormier's agreement to sell the property. Apparently not knowing of this circumstance, a cash sale of the property from Cormier to the other purchaser, Murphy, was executed on September 10th and recorded.
We are unable to sustain defendant Cormier's alternative contention that the breach of the agreement to buy and sell of August 13, 1955, was occasioned by the failure of Teer to pursue his FHA loan application further, upon learning that another prospective purchaser had moved into the home, and also from Teer's failure to accept a formal tender made by Cormier through his attorney on October 5th to comply with his obligation to sell the property to Teer (but after recordation of the sale from Cormier to Murphy), so that the defaulting prospective purchaser instead of the prospective seller of this defaulted contract is liable for the real estate broker's fee, see Probst v. Di Giovanni, 232 La. 811, 95 So. 2d 321.
We think the situation is governed by LSA-C.C. Art. 2040, under which "the condition is considered as fulfilled when the party whose obligation depends on the condition prevents its fulfillment," Morrison v. Mioton, 163 La. 1065 at page 1071, 113 So. 456, at page 459.
With Cormier claiming noncompliance with an alleged requirement that Teer make an additional deposit to that provided by the contract to buy and sell, and with Cormier having permitted the other prospective purchaser to move into the premises, Teer was not required to continue in his efforts to take title to property when doing so might involve him in a law suit. As held by the Mioton case, above cited, since Teer's obligation to continue in his efforts to obtain a loan was in effect waived and prevented by the seller himself, that condition of the contract to purchase must be considered as having been fulfilled under LSA-C.C. Art. 2040.
*310 Likewise, for the same reasons and also in view of the earlier circumstances thus terminating his obligation to buy the property, Teer was not required to take title when formal tender was made to him by Cormier's attorney after Cormier had already by recorded sale sold the property to another. See, e.g., Sheeks v. McCain-Richards, Inc., 226 La. 578, 76 So.2d 892.
The law is clear that a real estate broker is entitled to the commission from the seller upon procurement of a purchaser for the property, even though the seller subsequently releases the purchaser from his agreement to buy same. Boone v. David, La.App. 2 Cir., 52 So.2d 563; cf., Womack Agencies, Inc., v. Fisher, La.App. 1 Cir., 86 So.2d 732. Thus the trial court properly held Cormier liable for the fee in question.
Defendant re-urges an exception of no cause of action addressed to recovery of this fee by the present appellee, who was not himself a licensed real estate broker. It is admitted that he himself was not so licensed, the business being operated by his wife, who was a licensed real estate broker.
This suit was originally brought by both Mrs. R. D. Williams, operator of the real estate agency, and by her husband, the present appellee. The suit was dismissed as to the wife, correctly, on the ground that since the real estate brokerage commission in question is a community earning, the husband as head and master of the community is the proper party to judicially assert such claim. Michell v. First Nat. Life Ins. Co., 231 La. 546, 91 So.2d 788; Succession of Howell, 177 La. 276, 148 So. 48; Boone v. David, La.App. 2 Cir., 52 So.2d 563 (the latter case concerning a wife's suit to recover a real estate broker's commission due to her.)
Defendant-appellee's exception is based upon LSA-R.S. 37:1450, which prohibits any person not a licensed real estate broker from recovering a real estate broker's commission.
However, it is apparent, in reading the statutory provision in the context of the statutory chapter within which it is included, Chapter 17 "Real Estate And Business Brokers", Title 37, Louisiana Revised Statutes, that its purpose was to aid in enforcing chapter provisions requiring all persons engaged in the business of selling real estate to be licensed and bonded for the protection of the public.
We do not believe that to permit the husband to recover the real estate's broker's commission due to his wife, who was a licensed broker, violates the provisions or purpose of the statutory section in question, cf., Matthews-Pelton, Inc., v. Le Blanc, Orleans, 13 La.App. 596, 126 So. 449, Bosetta v. Jacobs, Orleans, 1 La.App. 277; especially since the husband by our procedural rule is required to judicially assert the community's claim for the real estate commission due to his licensed wife's efforts; see Art. 107, C.P., and authorities above cited. The claim sought to be enforced does not appear to be a right so strictly personal to the wife as to be enforceable by herself alone, as in State ex rel. Fields v. Rapides Parish School Board, 227 La. 290, 79 So.2d 312 which involved the teachers' tenure law.
The damages under Article 907, C.P., for a frivolous appeal sought by appellee's answer to the appeal are not allowed. The appeal is not so manifestly without merit as to bring into question the appellant's good faith in prosecuting it. Moreover, a devolutive but not a suspensive appeal was taken, and under the jurisprudence a devolutive appeal does not entitle the appellee to damages for a frivolous appeal since execution of the judgment is not delayed thereby. Mutual Nat. Bank of NewOrleans v. Moore, 50 La.Ann. 1332, 24 So. 304; Harrisonburg-Catahoula State Bank v. Meyers, La.App. 2 Cir., 185 So. 96.
For the reasons assigned, the judgment of the District Court herein is affirmed.
Affirmed.