SAMUEL, Judge.
In a written “agreement to purchase” the plaintiff offered to buy from the defendant a certain residence in the City of New Orleans for the sum of $16,950 cash with a cash deposit of $850.00, the balance to be obtained by a mortgage loan. The offer further stipulated:
“Should the purchaser be unable to obtain the approval of the Veteran’s administration, or after the V.A. approval he should be unable to obtain a loan on the above property within sixty days from the date of the V.A. approval, this contract shall become null and void, and the seller is hereby required to return the purchaser’s deposit in full.”
The defendant accepted the offer and received payment of the $850 deposit. The plaintiff has filed this suit in which he seeks the return of the deposit, the pertinent allegations of his petition being Articles 4 and 5, which are as follows:
“That at the time of said agreement, your petitioner indicated that he was purchasing this property for his mother and did not intend to use it as his personal residence; that he owned another piece of property located in the city of New Orleans in which he resided; and that defendant then stated this would not prevent approval of a Veteran Administration Loan. That under such circumstances, it was impossible for the Veterans Administration to make a loan on said property in view of the fact that your petitioner could not sign any statement indicating that he intended to use the property located at 1575 Foy Street for his own personal use.”
From a judgment in favor of plaintiff the defendant has appealed.
The law of Louisiana is now to the effect that a provision making a sale contingent on the purchaser obtaining a particular loan on the property is not a potesta-tive condition such as would render the agreement null as to the obligor under LSA-Civil Code, Articles 2024 and 2034, but rather is a valid suspensive, mixed condition which imposes upon the purchaser the obligation in good faith to make reasonable efforts to obtain the loan. Morrison v. Mioton, 163 La. 1065, 113 So. 456; Stephen L. Guice & Co. v. Perkowski, La.App., 12 So.2d 692; Slack v. Munson, La.App., 61 So.2d 618; Williams v. Cormier, La.App., 100 So.2d 307.
It is also well settled that, in the absence of either an express stipulation to the contrary or facts clearly showing the contrary, money deposited by the purchaser at the time of the contract to buy or sell is presumed to be earnest money even though referred to by the parties as being paid on account of the purchase price, or as a deposit thereon, thus giving the present defendant the right to retain the deposit if the plaintiff is in default. See LSA-Civil Code, Art. 2463; Lastie v. Cortinas, La.App., 39 So.2d 463; Searcy v. Gulf Motor Co., La.App., 37 So.2d 445; Livingston v. Southport Mill, 173 La. 120, 136 So. 289.
If the facts in the instant case are in conformity with the above recited allegations of the petition to the extent that at the time the agreement was entered into the plairitff did not intend to use the property as his home, and that the defendant knew of the absence of such an intention so to use, and additionally that, unknown to the plaintiff, such non-use of the building as his home *783 would prevent the plaintiff from obtaining approval of the loan from the named source, we are of the opinion that the judgment in favor of the plaintiff is correct. See Savich v. Ruiz, La.App., 32 So.2d 415; Johnson v. Graham, La.App., 40 So.2d 500; Slack v. Munson, La.App., 61 So.2d 618; Antonini v. Thrifty-Nifty Homes, La.App., 76 So.2d 564.
The matter would then fall under the pertinent LSA-Civil Code Articles relative to error, particularly Articles 1824, 1825 and 1826, and under LSA-Civil Code Article 2031 relative to the thing impossible.
However, the record does not contain sufficient proof to warrant the trial court in arriving at the conclusion it has reached. The reason for this partial absence of proof lies in the fact that when the plaintiff attempted to prove these facts by parol evidence an objection was made by the defendant on the ground that parol evidence cannot be admitted for the purpose of altering or varying the terms of the written contract and this objection was maintained. The court allowed some parol evidence to go in on the subject later in the trial of the case but it is not sufficient to discharge the burden of proof and no full opportunity was ever given to the plaintiff to prove his allegations nor, and this is equally important, was the defendant given the opportunity, or faced with the necessity, of offering proof to the contrary.
The ruling which maintained the objection was not correct. The basis for the objection, although under the so-called parol evidence rule, actually is a matter of substantive law and not of evidence. The plaintiff has a right to obtain the relief which he seeks if he proves his allegations to the extent above set forth. And those allegations relative to intent and knowledge usually can be proved only by parol evidence. The substantive law being what it is, the plaintiff must be given a full opportunity to offer his proof, parol or otherwise.
Additionally, such proof would not have the effect of varying or altering the contract but rather would only serve the purpose of explaining and amplifying the understanding of the parties themselves. See Johnson v. Graham, supra; Slack v. Mun-son, supra.
Therefore, for the reasons assigned, the judgment appealed from is set aside and annulled and the case remanded to the lower court to be tried in accordance with the views herein expressed, particularly to the end that both litigants be given a full opportunity of offering proof, including parol evidence, on the question of the plaintiff’s intended use of the property at the time of entering into the agreement, the defendant’s knowledge thereof, and the possibility or impossibility of obtaining approval of the loan from the Veterans’ Administration if the property to be purchased was not to be used as a home by the plaintiff, the cost of this appeal to be paid by the defendant.
Annulled and remanded.