SAMUEL, Judge.
This is a suit for specific performance of a contract to sell an interest in certain land in Jefferson and Orleans Parishes and, alternatively, for damages. There was judgment in the district court maintaining an exception of no right or cause of action and dismissing the suit for the reason that the defendants were never placed in default. The plaintiffs have appealed.
The case having been heard and decided only on the exception, all of the allegations of the original and supplemental petitions must be accepted as true. The pertinent allegations are to the following effect:
In two separate but identical written documents each of the two defendants offered to sell his undivided interest in the same property for the sum of $19,000 cash, the act of sale to be passed before purchaser’s notary “ * * * on or prior to May 17, 1958, providing that if bona fide curative work in connection with title is required, the parties herewith agree to and do extend the time for passing of act of sale by thirty days”. The offers further stipulated that if the same were accepted the purchasers must deposit with the seller or his representative 10% of the purchase price, amounting to $1,900 to each defendant. These offers were made on April 17, 1958. On the same day the offers were duly accepted by the plaintiffs and the deposits of $1,900 were made. By a written agreement entered into by all of the parties on May 17, 1958, the time set for passing the act of sale was extended. After referring to the original contract to sell and the date set therein for passing the act of sale, this agreement to extend read: “ * * * do hereby for the same consideration originally recited in said contract, extend the time for passage of said act of sale before the notary for Home Building & Loan Association from May 17, 1958, to and ending May 31, 1958”. Between the dates of May 26 and May 31, which was after the signing of the agreement extending the time for passing the act of sale, the plaintiffs discovered a defect in the title requiring bona fide curative work.
Paragraph 4 of the second supplemental petition alleges that the defendants, through their counsel, were given notice by telephone message that the act of sale was to be passed on June 30, 1958, and in answer thereto plaintiffs’ counsel was informed that defendants’ counsel could not be present on that day because he was required to be in court for a trial and that the defendants would not execute the sale in his absence. In Paragraph 11 of the original petition it is alleged that the plaintiffs made written demand upon the defendants to perform their part of the agreements.
The plaintiffs contend that the amending agreement of May 17 not only extended the time of the passage of the act oí sale from *262 May 17 to May 31, but also extended the time for curative work as provided in the offer, despite the absence of this provision in the extension agreement, so that the time for passage of the sale was actually extended to June 30, 1958; that a putting in default is not necessary in a suit for specific performance and, even if ordinarily necessary for either specific performance or damages, the same was rendered unnecessary by the defendants’ refusal to pass the sale as alleged in Paragraph 4 of the second supplemental petition; additionally, if a putting in default was necessary in this case, the defendants were put in default by letter as alleg'ed in Paragraph 11 of the original petition; and that, in any event, the plaintiffs are entitled to damages as prayed for in the alternative.
The trial court pretermitted the question as to whether or not the agreement of May 17 extended the time for passing the act of sale from May 17 to June 30, and we are in accord with this action. A determination of that question is of no importance in reaching our conclusion.
LSA-Civil Code Art. 2463 provides:
“But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest by forfeiting it; and he who has received it, by returning the double.”
It is well settled that, unless there is an express stipulation to the contrary or unless the facts clearly show the contrary, money deposited by the purchaser in connection with a contract to buy or sell is presumed to be earnest money even though referred to as being paid on account of the purchase price or as a deposit. Braden v. Reisch, La.App., 125 So.2d 781; Haeuser v. Schiro, 235 La. 909, 106 So.2d 306; Lastie v. Cortinas, La.App., 39 So.2d 463.
In the instant case the contract to sell contains no stipulation that the deposit is not to be considered earnest money nor do the plaintiffs allege that there was any such intention by the parties. Therefore, the deposit is presumed to be earnest money and under the provisions of LSA-Civil Code Art. 2463 the contract cannot be specifically enforced.
We do not feel that the plaintiffs are entitled to damages of double the deposit. A placing in default is necessary before a party to a commutative contract may claim damages for its passive breach. LSA-Civil Code Art. 1912; Schuler v. A. K. Roy, Inc., La.App., 65 So.2d 333; Hoth v. Schmidt, 220 La. 249, 56 So.2d 412; 1 Loyola L.Rev. 127, 145. And the petition must affirmatively set forth the facts showing how the putting in default was accomplished. Livingston v. Scully, 38 La.Ann. 781; 1 Loyola L.Rev. 127, 144. The petitions in the instant case fail to accomplish this.
Plaintiffs rely on the rule that it is unnecessary to put in default one who has refused to perform (Voss v. Roach, La.App., 35 So.2d 142; Fox v. Doll, 221 La. 427, 59 So.2d 443) and contend that they have alleged such a refusal in Paragraph 4 of their second supplemental petition. But that paragraph alleges only a simple and reasonable refusal to appear for the passing of the act of sale on one occasion and certainly does not constitute a refusal to perform.
Nor is the allegation contained in Paragraph 11 of the original petition sufficient to show a proper and timely putting in default. While the written demand need not be in any particular form, it must contain a demand of performance by the other party and announce a readiness to perform by the person making the demand (see Fox v. Doll, supra). Plaintiffs’ Paragraph 11 states only that they have made written demand on the defendants to perform. It does not state that the demand also announced a readiness to perform on the part of the plaintiffs nor does it state when the demand was made.
*263 Ordinarily we might remand the case to give plaintiffs an opportunity to amend Paragraph 11 if they are able to do so under all of the facts. But they have already amended twice under orders of the trial court issued after hearings on exceptions involving closely related questions. The matter must be brought to some reasonable end and, the judgment not being res judicata as to other and different pleadings, the plaintiffs are free to file another suit if they desire to do so.
For the reasons assigned the judgment appealed from is affirmed, costs to be paid by the plaintiffs-appellants.
Affirmed.