[No. 36268.    Department One.    November 29, 1962.]

MARY ANN WINEMAN, *Respondent,* v. ROGER A. GUILMETT *et al., Appellants.*[*]

*E. Albert Morrison,* for appellants.

*Comfort, Dolack & Hansler (Patrick C. Comfort,* of counsel), for respondent.

*Reported in 376 P. (2d) 534.

Hill, J.—Quaere: Where an earnest money receipt, signed by a husband and wife as "purchaser," provides that "If the Purchaser cannot meet the F.H.A. and Loan Agency requirement, Then the earnest money shall be refunded," should the earnest money be refunded when the loan agency requirement has not been met, solely because the wife commenced an action for divorce (there being no question as to the good faith of the divorce proceeding), and the purchasers at all times having been ready to proceed with the transaction? (The specific wording of the loan agency requirement relative to marital relationship does not appear, but it is stated, on behalf of the loan agency, that commencement of the divorce action "disqualified the applicants as to our Loan Agency requirements." It is conceded that the prospective purchasers were not aware of the loan agency's requirement relative to marital felicity.)

■ Answer: The earnest money should be refunded. Generally speaking, the reason why such a requirement is not met is immaterial, absent bad faith by the purchaser or some act intended to cause a refusal to approve the requested loan. See *Slack v. Munson* (1952, La. App.), 61 So. (2d) 618.

Posture of the Case: An action was brought to recover the earnest money paid to the broker, who claimed a forfeiture. Both parties asked for summary judgment.

The trial court granted plaintiff's motion and entered a judgment for the plaintiff; the broker appeals. We affirm the judgment.

Finley, C. J., Weaver, Rosellini, and Foster, JJ., concur.